311 So.2d 811 (1975)
Freddie JACKSON, Appellant,
v.
STATE of Florida, Appellee.
No. V-366.
District Court of Appeal of Florida, First District.
May 2, 1975.
Richard W. Ervin, III, Public Defender, and Judith J. Dougherty, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Gerry B. Rose, Asst. Atty. Gen., for appellee.
*812 JOHNSON, Acting Chief Judge.
Appellant seeks reversal of his conviction in a jury trial on charges of possession of cocaine and sale of cocaine, for which he was sentenced to five years on each count, the sentences to run concurrently.
We have considered appellant's point of error regarding the denial of his motion for mistrial and find it to be without merit. Not only did appellant's counsel fail to object to the complained of testimony on direct examination and then again solicit the same testimony on cross-examination, we feel that the elicited testimony was relevant to prove the fact of identity of the appellant by the State's primary witness. Williams v. State, 110 So.2d 654 (Fla. 1959). In addition, we feel that the trial judge's instruction to the jurors to disregard the statement cured any possibility of error in this regard.
However, as to the imposition of two concurrent sentences, we are required to reverse. It appears from the evidence that the cocaine which appellant was convicted of possessing was the same cocaine as that which he was convicted of selling. The convictions were based upon the same transaction or occurrence. Hence, he was convicted of two facets or phases of the same transaction and could only be sentenced for the higher of such offenses; to wit: the sale of cocaine. Yost v. State, 243 So.2d 469 (Fla.App. 3rd, 1971); Johnson v. State, 260 So.2d 212 (Fla.App. 1st, 1972); and Dent v. State, 301 So.2d 475 (Fla.App. 1st, 1974).
Upon the authority of the above cited cases, we reverse the sentence on the possession count and affirm the sentence on the sale count, without the necessity of bringing the appellant before the trial court for resentencing.
Affirmed in part and reversed in part.
BOYER and MILLS, JJ., concur.