323 So.2d 595 (1975)
The STATE of Florida, Appellant,
v.
Wilbur JONES, Appellee.
No. 75-573.
District Court of Appeal of Florida, Third District.
December 9, 1975.
*596 Richard E. Gerstein, State Atty., and John Lipinski, Asst. State Atty., for appellant.
Engel & Mishkin, Miami, for appellee.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
The defendant, Wilbur Jones, was charged on September 23, 1974, by a 14-count information with the sale and possession of heroin. The information was dismissed on April 18, 1975, by the trial court for the failure of the State to disclose the name of the confidential informant to defense counsel. The State appeals. We reverse.
On October 17, 1974, defense counsel filed an unverified motion to compel the State to supply the name of the confidential informant. The motion gave no definite reason other than such information was necessary to insure a full and adequate defense. On January 9, 1975, the motion in question came on to be heard before the trial judge, at which time defense counsel said that the confidential informant was part of the overall transaction and, therefore, he wanted a disclosure of such informant. The court deferred ruling stating, in effect, that if there were testimony he would hear it. The motion to compel next came before the court on January 20, 1975, at which time the State argued that before an order requiring disclosure can be entered, it was up to the defense to establish the materiality of the disclosure of the confidential informant. Counsel for defendant responded that rather than have an evidentiary hearing, he would take the deposition of a police officer which would adduce evidence supporting the materiality and the need for the disclosure of the informant. Thereafter, hearing was held on February 19, 1975, at which time the court was mistakenly put under the impression that the court had, on four previous occasions, ordered the State to give the name and address of the informant to defendant's counsel. The court then ordered the State to give to defendant's counsel, in writing, the name of the confidential informant.
The State's motion to rectify the court's ruling was denied on February 26, 1975.
In the case of State v. Davis, Fla. App. 1975, 308 So.2d 539, this court held, regarding the identity of a confidential informant, that the State has a privilege of non-disclosure and the burden is on the defendant claiming an exception to the privilege to show why disclosure should be required. Accord King v. State, Fla.App. 1974, 296 So.2d 62; English v. State, Fla. App. 1974, 301 So.2d 813.
Careful review of the record discloses no evidentiary showing in the motion or at the hearings before the trial court, that the testimony of the confidential informant would have been of such essential relevancy as to justify a required disclosure. Furthermore, the record does not reflect any orders, written or oral, prior to February 19, 1975, requiring the State to disclose the name of the informant.
Accordingly, the order of dismissal is vacated, the cause is reinstated and remanded for trial.
Reversed and remanded with directions.