329 So.2d 424 (1976)
The STATE of Florida, Appellant,
v.
Daniel ANDERSON, Appellee.
No. 75-1043.
District Court of Appeal of Florida, Third District.
March 30, 1976.
Richard E. Gerstein, States Atty., and John Lipinski, Asst. States Atty., for appellant.
Phillip A. Hubbart, Public Defender, and Bennett A. Brummer, Asst. Public Defender, for appellee.
Before BARKDULL, C.J., and HENDRY and HAVERFIELD, JJ.
HENDRY, Judge.
Appellant, the prosecution below, brings this appeal from an order of the trial court dismissing appellee as a defendant in a crininal case for appellant's failure to disclose the name of a confidential informant.
On September 23, 1974, an information was filed charging appellee with numerous narcotics offenses. Subsequently, appellee filed an unsworn motion to compel the disclosure of the identity of a confidential informant. After a hearing on the motion, the trial court entered an order dated May 2, 1975, requiring the disclosure. On May 28, 1975, appellant stated to the trial court that it would not abide by the order for disclosure; and, on the same day, the trial court on its own motion dismissed the case *425 as to appellee. From the order of dismissal, appellant brings this appeal.
Appellant contends that the trial court erred in entering the order because, basically, (1) appellee did not properly carry the burden of proof or set forth allegations sufficiently to warrant a dismissal for appellant's failure to disclose the identity of the confidential informant, and (2) the trial court denied it the opportunity to contest the unsupported allegations of appellee which resulted in the trial court's order.
Appellee contends, among other things, that the trial court's order came to this court on appeal clothed with a presumption of correctness and the record on appeal supports the trial court's order. See, e.g., Rodriquez v. State, Fla.App. 1966, 189 So.2d 656; and Savage v. State, Fla.App. 1963, 156 So.2d 566.
The general rule in respect to the identity of a confidential informant is that the state has a privilege of nondisclosure, and the burden is on a defendant claiming an exception to the rule to show why disclosure should be compelled. See State v. Davis, Fla.App. 1975, 308 So.2d 539; and Rule 3.220(c)(2), Florida Rules of Criminal Procedure, 33 F.S.A. Among the factors which might require disclosure are whether a defendant's identity is in issue and whether the informant was an active participant in the offense charged against a defendant. See Monserrate v. State, Fla.App. 1970, 232 So.2d 444; and Spataro v. State, Fla.App. 1965, 179 So.2d 873.
In the instant appeal, the order of the trial court requiring disclosure, upon which the trial court based its order of dismissal reads in pertinent part as follows:
"This cause having come on to be heard on the defendant's Motion to Compel Identity of Confidential Informant and the Court being fully advised that:
"1. The identity of the defendant is in issue.
"2. Numerous judicial hearings were had by this Court and its predecessor Court to determine the person before the Court alleged to be James Williams was in fact the defendant in this case.
"3. The confidential informant was a witness to the acts alleged in the information and the lack of his testimony would be prejudicial to the defendant on the issue of identity and the other alternative defenses available to the defendant and cited in his motion.
"It is hereby
"CONSIDERED, ORDERED AND ADJUDGED, pursuant to the authority of English v. State, 301 So.2d 813 (Fla. 2nd dist. 1974), that the State of Florida produce the name and last known residence and business address of the confidential informant.
"DONE AND ORDERED this 2 day of May, 1975, nunc pro tunc to the 18th day of April, 1975."
It is apparent from this order that the trial court based its decision on judicial proceedings not only shown within the record on appeal, but also on certain judicial proceedings which are not shown within the record on appeal. Thus, while appellant has filed an incomplete record, it seeks to reverse the trial court on the grounds that the record is insufficient to support the trial court's actions. Further, appellant seems to concede, by the following statement on page 19 of its brief, that the question of the identity of appellee was raised in the trial court:
"It is true that there was a question of identity raised in the lower court on April 11, 1975. It appears that the Defendant was arrested as being one James Williams. It also appeared that Judge Whitworth determined he was not James Williams and was released." [References to record on appeal deleted.]
The rule is that questions of sufficiency of evidence cannot be raised by an appellant where he files an incomplete record. See Nelson v. State, Fla. 1956, 85 So.2d 832; *426 and Royal Flair, Inc. v. Cape Coral Bank, Fla.App. 1971, 251 So.2d 895.
We have reviewed the record, all points in the briefs, and arguments of counsel in the light of the controlling principles of law and have concluded no reversible error has been shown. This case is distinguishable from State v. Jones, Fla. App. 1975, 323 So.2d 595, where the record disclosed no evidentiary showing was made before the trial court that the testimony of the confidential informant would have been of such essential relevancy as to justify a required disclosure. Here, the record on appeal, to the extent that it is complete, supports the trial court's order of dismissal; to the extent that the record is not complete, for the reasons stated and upon the authorities cited, we must presume that the trial court's order of dismissal is correct. Therefore the order appealed is affirmed.
Affirmed.