348 So.2d 633 (1977)
Temperance WRIGHT, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 76-601 and 76-1430.
District Court of Appeal of Florida, Third District.
July 26, 1977.
Rehearing Denied August 26, 1977.
Horton, Perse & Ginsberg, Manners & Amoon, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and Anthony Musto, Asst. Atty. Gen., for appellee.
Before HENDRY, C.J., and PEARSON and HUBBART, JJ.
HUBBART, Judge.
This is a criminal prosecution in which the defendant was charged by information in two counts with sale or delivery of a controlled substance, to wit: cocaine, and possession of a controlled substance, to wit: cocaine, in violation of Sections 893.13(1)(a) 1, 893.13(1)(e), Florida Statutes (1975), before the Circuit Court for the Eleventh Judicial Circuit of Florida. The defendant was convicted as charged and sentenced to fifteen years in prison plus a $5,000 fine on the sale count and five years imprisonment on the possession count, the sentences on each count to run concurrently.
We find no merit in the defendant's contention that the trial court erred in refusing to take a defense proffer of testimony from a witness outside the jury's presence which allegedly showed that a prior witness called by the state had not told the truth on a particular point before the jury. The state had made the witness available to the defense during the trial when it first learned of such testimony. Nothing prevented defense counsel from calling the witness to testify before the jury, but counsel declined to do so. There was no reason for the trial court to hear such testimony as a proffer outside the jury's presence. It was the duty of the jury, not the trial judge, to assess the credibility of witnesses and such testimony from the witness should have been addressed to the jury. See Bryan v. State, 41 Fla. 643, 661-662, 26 So. *634 1022 (1899); McDonald v. United States, 282 F.2d 737 (9th Cir.1960); McGuinn v. United States, 99 U.S.App.D.C. 286, 239 F.2d 449 (1956). We accordingly, affirm the convictions for sale or delivery of a controlled substance and possession of a controlled substance.
We find no merit in the defendant's further contention that the trial court imposed an excessive sentence on the sale of cocaine count. The fifteen year sentence plus the $5,000 fine imposed was within the statutory maximum set by the legislature for sale of a controlled substance, to wit: cocaine. Section 893.13(1)(a) 1, 775.082(3)(c), 775.083.(1)(b), Florida Statutes (1975). We find no abuse of discretion in imposing the sentence on this count. Brown v. State, 152 Fla. 853, 13 So.2d 458 (1943); Infante v. State, 197 So.2d 542 (Fla.3d DCA 1967); Cole v. State, 262 So.2d 902 (Fla.3d DCA 1972).
The five year sentence on the possession of cocaine count must be reversed because it arises from the same transaction or occurrence as the sale of cocaine. Because the defendant was convicted of two facets or phases of the same transaction, he could only be sentenced for the higher of such offenses, to wit: the sale of cocaine. Jackson v. State, 311 So.2d 811 (Fla.1st DCA 1975); Orange v. State, 334 So.2d 277 (Fla.3d DCA 1976); Caivano v. State, 276 So.2d 245 (Fla.2d DCA 1973); Jackson v. State, 270 So.2d 30 (Fla.4th DCA 1972); Gonzalez v. State, 268 So.2d 552 (Fla.3d DCA 1972); Jones v. State, 265 So.2d 514 (Fla.4th DCA 1972); Carr v. State, 264 So.2d 871 (Fla.1st DCA 1972); Hunt v. State, 264 So.2d 855 (Fla.1st DCA 1972); Shaw v. State, 264 So.2d 95 (Fla.1st DCA 1972).
Affirmed as to the judgments of conviction; affirmed as to sentence and fine on the sale of cocaine count; reversed as to the sentence on the possession of cocaine count.