362 So.2d 295 (1978)
Stephen FUNDAK, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 77-1542.
District Court of Appeal of Florida, Second District.
June 30, 1978.
Rehearing Denied September 7, 1978.
*296 Jack O. Johnson, Public Defender, and P. Douglas Brinkmeyer, Chief Asst. Public Defender, Bartow, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
OTT, Judge.
Under a two-count information appellant, Stephen Fundak, was charged and convicted of sale and possession of marijuana in violation of Section 893.13(1)(a), Florida Statutes (1977) and Section 893.13(1)(e), Florida Statutes (1977), respectively.
After hearing the evidence the jury returned a guilty verdict on each count. The trial judge, however, entered a single judgment and sentenced appellant to one year in prison without specifying whether on one or both of the convictions. Appellant contends that the sentence is an impermissible general sentence. We agree.
The imposition of a single judgment and sentence upon a defendant lawfully found guilty of two or more separate crimes is improper. See Dorfman v. State, 351 So.2d 954 (Fla. 1977); Darden v. State, 306 So.2d 581 (Fla. 2d DCA 1975); Darden v. State, 330 So.2d 750 (Fla. 2d DCA 1976).
The charges lodged against appellant arose out of a single criminal episode in which he possessed and sold a single marijuana cigarette to a police officer.
The general rule is that a defendant may properly be charged and tried on multiple counts arising out of a true single episode or transaction, but only one sentence is properly imposed  for the highest offense for which the defendant is charged and convicted. This is another way of saying that where an information contains more than one count but each count represented a facet or phase of the same transaction only one sentence may be imposed and the sentence to be imposed is for the highest offense charged. Cone v. State, 285 So.2d 12 (Fla. 1973); Yost v. State, 243 So.2d 469 (Fla. 3d DCA 1971).
In Jenkins v. Wainwright, 322 So.2d 477 (Fla. 1975), the supreme court held that multiple sentences were proper where the petitioner had possession of two separate drug substances each of which constituted in and of itself a separate violation of law. This rule has now been further modified by Section 775.021, Florida Statutes (1977).
We hold that Section 775.021 applies to the situation sub judice, requiring a judgment and sentence to be imposed upon each criminal charge and conviction.[1] Therefore judgments of guilt as to both the sale and possession charges are affirmed but the case is remanded for the entry of a separate judgment and sentence on each conviction.
BOARDMAN, C.J., and RYDER, J., concur.
NOTES
[1] Section 775.021, Fla. Stat. (1977) requires separate sentencing for violation of two or more criminal statutes in the course of one transaction, excluding lesser included offenses. It would apply to the facts in the instant case because possession of marijuana was not a lesser included offense of sale of marijuana based upon the allegations in the information. Additionally, each of the two counts can be considered as arising out of a different statute because § 893.13(1)(a), Fla. Stat. (1977) and § 893.13(1)(e), Fla. Stat. (1977) are not interdependent. Each can be read to stand alone as a separate criminal violation.