372 So.2d 983 (1979)
Jessie James DRAYTON, Appellant,
v.
The STATE of Florida, Appellee.
No. 77-1305.
District Court of Appeal of Florida, Third District.
July 3, 1979.
*984 Bennett H. Brummer, Public Defender and Karen M. Gottlieb and Jacquelyn S. Plasner, Asst. Public Defenders, for appellant.
Jim Smith, Atty. Gen., and Joel D. Rosenblatt and Anthony C. Musto, Asst. Attys. Gen. and Clifford M. Miller, Legal Intern, for appellee.
Before HAVERFIELD, C.J., and BARKDULL and KEHOE, JJ.
KEHOE, Judge.
Appellant, defendant below, brings this appeal from a judgment of conviction and sentence entered after a jury trial on the charges of possession and sale of cocaine. We affirm in part and reverse in part.
The first point raised on appeal is that the trial court erred in denying appellant's motion to compel disclosure of the confidential informant where such disclosure was essential and material to his defense. We disagree with this contention.
As a general rule, the State has the privilege of not disclosing the identity of a confidential informant; however, there are exceptions to this rule, e.g., where the identity of the informer is essential to the defense. The general rule and its exceptions have been set forth in Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639; United States v. Toombs, 497 F.2d 88 (5th Cir.1974), and Treverrow v. State, 194 So.2d 250 (Fla. 1967). The burden of proof is on the defendant to show that he warrants an exception to the general rule of non-disclosure. See State v. Jones, 323 So.2d 595 (Fla. 3d DCA 1975); and State v. Davis, 308 So.2d 539 (Fla. 3d DCA 1975).
Applying the tests of Roviaro and Treverrow, we are of the opinion that appellant has not met his burden of proof in the instant case. First, appellant contends that the name of the informant, who he denies existed, should be disclosed for impeachment purposes. Based on the record in this cause, this contention was purely speculative. See United States v. D'Amato, 493 F.2d 359 (2d Cir.1974); and United States v. Waters, 461 F.2d 248 (10th Cir.1972). Second, the informant did not participate in the criminal conduct with which appellant was charged, rather the role of the informant was merely to allow the arresting officer to gain entry to the premises where the criminal conduct occurred. See Savinon v. State, 277 So.2d 58 (Fla. 3d DCA 1973); Doe v. State, 262 So.2d 11 (Fla. 3d DCA 1972); and Kraus v. State, 243 So.2d 214 (Fla.3d DCA 1971). Third, although there were references to the informant by appellee during the trial, these references were only peripheral and, because of their nature, could not have affected the jury's decision. Fourth, even though the defense was an alibi and the informant could support or destroy it, this fact does not require disclosure. See Decca v. State, 186 So.2d 92 (Fla.3d DCA 1966). Fifth, the evidence which convicted appellant was independent of any evidence relating to the informant and was corroborated by the physical evidence and the testimony of the surveillance police officers. Sixth, on the date of both *985 sales for which appellant was convicted, a fourth person, by the name of "Wine," was present. Wine was living with appellant and acted as his "cat man," i.e. taking care of appellant's prostitutes while he was away. Further, appellant's counsel was asked by the trial court if Wine was going to testify. Appellant's counsel replied "at this point, the defense is not intending to call him." Further, Wine was not an agent of appellee. See United States v. Connolly, 479 F.2d 930 (9th Cir.1973); People v. Marquez, 546 P.2d 482 (Colo. 1976); State v. Taylor, 508 S.W.2d 506 (Mo. App. 1974); People v. Lloyd, 55 A.D.2d 171, 390 N.Y.S.2d 172 (1976); and Commonwealth v. Snyder, 254 Pa.Super. 186, 385 A.2d 588 (1978). Although there is no Florida case directly on point, these cases support the conclusion that when the State's interest in protecting its confidential informant is balanced against the defendant's interest in knowing his identity, but the defendant has available another eye witness whom he chooses not to call, the State's interest should prevail. For the reasons set forth above, appellant's first point on appeal is without merit; accordingly, it is affirmed.
Appellant's second point on appeal is that the trial court erred in sentencing him for both the sale and possession of cocaine where both charges involved a single transaction. Under the facts of this case, we agree with this contention.
Counts III and IV of the information charged appellant with two violations of Section 893.13, Florida Statutes (1977). Count III charged appellant with the sale of cocaine and Count IV charged him with possession of cocaine. Appellant was found guilty of both Counts as charged, and the trial court sentenced him to five years in the State penitentiary on each count, the sentences to run concurrently. The record shows that appellant was convicted for the sale and possession of the same substance. This was improper. See, e.g., Yost v. Wright, 360 So.2d 1309 (Fla.3d DCA 1971); Wright v. State, 348 So.2d 633 (Fla.3d DCA); and Orange v. State, 334 So.2d 277 (Fla.3d DCA 1976). Accordingly, the sentences imposed are reversed, and the cause is remanded for proper sentencing in the light of this opinion.
Affirmed in part, reversed in part, and remanded with directions.