377 So.2d 755 (1979)
James WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. NN-278.
District Court of Appeal of Florida, First District.
November 29, 1979.
Rehearing Denied January 3, 1980.
*756 Michael J. Minerva, Public Defender, and Carl S. McGinnes, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Charles A. Stampelos, Asst. Atty. Gen., for appellee.
PER CURIAM.
Defendant seeks review of his conviction of possession and sale of marijuana. He contends that the trial court erred in denying his motion to strike testimony which the state had failed to disclose prior to trial and that the imposition of two concurrent five year sentences for sale and possession of marijuana was error. We affirm in part and reverse in part.
Defendant sold Eddie Walker, a police informant, one baggie of marijuana. Based on this one transaction, defendant was charged with 1) possession and 2) sale of marijuana.
The marijuana was analyzed and weighed several months before trial and the weight reported as 24 grams including stems, seeds and mature stalks. After this laboratory report was given to the defense in pretrial discovery, the Florida Supreme Court decided in Purifoy v. State, 359 So.2d 446 (Fla. 1978), that stems like stalks must be excluded in weighing marijuana under Section 893.02(2), Florida Statutes (1975). At trial, an expert testified that she had reweighed the marijuana that morning and it weighed 10.2 grams without seeds, stems or mature stalks. Defendant, who was not previously informed of the reweighing, claimed surprise and moved to strike the testimony. The state argued that it had only received the information that morning and would have provided it earlier had it been available. The court concluded that the state's failure was unavoidable and denied defendant's motion.
A review of the entire record affirmatively shows defendant was not prejudiced. Richardson v. State, 246 So.2d 771 (Fla. 1971), Dorsey v. State, 367 So.2d 692 (Fla. 1st DCA 1979). In Dorsey, supra, the marijuana weighed 24.2 grams. The defendant argued that the state had failed to prove he possessed more than five grams of marijuana because the state had not distinguished between the prohibited and nonprohibited matter. The facts here are similar; as in Dorsey, supra, it is incredible that the prohibited matter would not exceed five grams. We find no prejudicial error and affirm the conviction.
Appellant's second contention, that the imposition of two concurrent five-year sentences for sale and possession of marijuana was error, is correct. Appellant was charged with two violations of Section 893.13, Florida Statutes (1977): (1) possession, and (2) sale of marijuana. He was convicted of both charges and sentenced to five years on each count, the sentences to run concurrently. The record shows that defendant was convicted for the sale and possession of the same substance. This was error. Defendant should be sentenced only for the higher of the two offenses, i.e., the sale. Drayton v. State, 372 So.2d 983 (Fla. 3d DCA 1979), Jackson v. State, 311 So.2d 811 (Fla. 1st DCA 1975).
We have considered all other points raised by the defendant and do not find them meritorious.
*757 The judgment is affirmed; the sentence for possession is vacated.
ROBERT L. SMITH, Jr., Acting C.J., and BOOTH and SHIVERS, JJ., concur.