PER CURIAM.
Robert R. Arbuckle appeals his convictions of criminal conspiracy to possess more *135 than one hundred pounds of cannabis with intent to sell or deliver, possession of more than one hundred pounds of cannabis with intent to sell or deliver, and importation of a controlled substance. §§ 777.04(3), 893.-13(l)(a)2, 893.13(l)(d), Fla.Stat. (1977). After reviewing the record, examining the briefs and hearing oral argument, we have concluded that Arbuckle has not demonstrated any reversible error in respect to his convictions.
We do, however, find error in the sentence imposed. The trial judge, apparently viewing the three offenses as a single transaction, pronounced a general sentence of fifteen years imprisonment and a $50,000 fine.[1] Arbuckle’s offenses occurred in 1978 subsequent to the enactment of Section 775.021(4), Florida Statutes (1977), which mandated a separate sentence for each criminal offense. The trial court, therefore, should have imposed a separate sentence for each criminal violation. Fundak v. State, 362 So.2d 295 (Fla. 2d DCA 1978).
We affirm Arbuekle’s convictions, but vacate the sentence imposed. We remand, and direct the trial court to impose separate sentences for each offense. The appellant is entitled to be present at resentencing.
GRIMES, C. J., SCHEB, J., and RAW-LINS, ROBERT W., Jr., Associate Judge, concur.

. It was error for the trial court to have imposed a fine exceeding an aggregate amount of $20,000. On remand, the court may impose separate fines not exceeding $5,000 each for violation of Sections 777.04(3) and 893.13(l)(d), Florida Statutes (1977), and a fine not exceeding $10,000 for violation of Section 893.-13(l)(a)2. §§ 775.083(1 )(c), 775.083(l)(b), Fla. Stat. (1977).