392 So.2d 314 (1980)
Leslie PORTEE, Appellant,
v.
STATE of Florida, Appellee.
No. 80-1144.
District Court of Appeal of Florida, Second District.
December 24, 1980.
Rehearing Denied January 15, 1981.
Jack O. Johnson, Public Defender, and Geoffrey A. Foster, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Michael A. Palecki, Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Judge.
Appellant was charged in count I of an information as follows:
[Appellant] ... unlawfully did sell a controlled substance, to-wit: Cannabis, for consideration, in violation of Section 893.13, Florida Statutes... .
Count II of the information alleged that appellant possessed more than five grams of cannabis.
Appellant was convicted on each count and was sentenced separately for each offense. Appellant contends that the trial court violated the single transaction rule when it imposed separate sentences for both the sale and the possession of marijuana. We disagree and affirm.
The evidence adduced at trial revealed that two undercover narcotic agents met three individuals at the Crossroads Bar in Lake Placid. One of the individuals indicated to the agents that they could obtain a quantity of marijuana. The undercover agents were driven by their new companions to Richmond's Bar. When they arrived, several people, including appellant, approached the driver's window of the automobile. Appellant asked the occupants of the car what they wanted and the driver replied, "an ounce." Appellant entered the bar and a couple of minutes later returned with a baggie containing marijuana. Appellant gave the marijuana to the driver and after it was inspected, one of the undercover agents paid appellant $20.00.
*315 To determine whether the trial court violated the single transaction rule when it imposed separate sentences for each offense, we look to section 775.021(4), Florida Statutes (1977), which provides:
Whoever, in the course of one criminal transaction or episode, commits an act or acts constituting a violation of two or more criminal statutes, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense, excluding lesser included offenses, committed during said criminal episode, and the sentencing judge may order the sentences to be served concurrently or consecutively.
Prior to the enactment of this section the single transaction rule as applied in the courts of this state was succinctly stated in Orange v. State, 334 So.2d 277 (Fla.3d DCA 1976), as follows:
[W]hen a defendant is convicted of two crimes committed in a single transaction and each of the crimes is a facet of the same transaction, it has been held repeatedly that sentence should be imposed for only one of the crimes, being that of the highest offense charged.
The enactment of section 775.021(4) substantially limited the application of the common law single transaction rule. Under the current law separate sentences are mandated where a defendant violates two or more criminal statutes, so long as one of the crimes is not a lesser included offense of the other.
In Fundak v. State, 362 So.2d 295 (Fla.2d DCA 1978), the defendant was separately convicted of the possession and sale of a single marijuana cigarette. A single judgment was entered by the trial judge and appellant was sentenced to one year in prison. The judgment did not provide whether the sentence was for one or both convictions. We held that section 775.021(4) required a separate judgment and sentence to be imposed for each offense. In doing so, we noted that the two offenses constituted violations of separate criminal statutes and that under the facts of the case the possession of marijuana was not a lesser included offense of the sale of marijuana.
Recently, with increasing frequency, we have been confronted with cases wherein the appellant has alleged that the trial court erred in sentencing him both for the sale and the possession of a controlled substance. Apparently, our decision in Fundak requires clarification and this case provides us with such an opportunity. Generally, the determinative question presented, as in the case at bar, is whether or not the possession of the contraband was a lesser included offense of the sale of that substance.
In Brown v. State, 206 So.2d 377 (Fla. 1968), the court identified four categories of lesser included offenses. The first two categories considered crimes divisible into degrees and attempts to commit the crime charged. Obviously, the crimes involved in the case before us are not included in either of these categories. Therefore, if the appellant's position is to prevail, the possession offense must be either a Brown category three or category four lesser included offense.
The court in Brown defined category three offenses as those which are necessarily included in the greater offense. As the court explained, a necessary lesser included offense is an offense which is an essential ingredient of the major offense charged. While a seller of marijuana might in the ordinary case also possess the marijuana sold, possession is not an essential aspect of the sale. For instance, in Daudt v. State, 368 So.2d 52 (Fla.2d DCA 1979), the evidence established that the defendant was an intermediary in a marijuana transaction. He was convicted of both the possession and the sale of the marijuana. After noting that Daudt had neither actually nor constructively possessed the contraband, we reversed the possession conviction. Daudt clearly illustrates a situation in which a sale of marijuana can be accomplished without the seller ever committing the offense of possession. Accordingly, we must conclude that the possession of marijuana is not a category three lesser included offense.
The fourth category identified in Brown is composed of offenses which may or may *316 not be included in the greater offense depending on the accusatory pleading and the evidence adduced at the trial. An offense is included within this category when the count of the information charging the greater offense also alleges a finding of the commission of the lesser offense. In the instant case, count I of the information did not allege any of the elements of possession. Therefore, the possession of marijuana in the case at bar, charged in count II, is not a category four lesser included offense of the charge in count I.
The appellant relies heavily upon Williams v. State, 377 So.2d 755 (Fla. 1st DCA 1979), and Drayton v. State, 372 So.2d 983 (Fla.3d DCA 1979). While those cases would at first appear to support his position, we are convinced that they involve an application of the single transaction rule as it existed prior to the enactment of section 775.021(4).
In the Drayton case the defendant was charged in separate counts with the sale and possession of cocaine. He was found guilty on each count and sentenced to two separate five-year terms of imprisonment. The court, without reference to section 775.021(4), held that the two convictions would not support separate sentences. The three cases cited in support of this holding were all decided before the enactment of Section 775.021(4).
In Williams v. State the defendant sold marijuana to a police informant. He was convicted for both the sale and the possession of the marijuana and sentenced to five years in prison for each offense. The court, also without reference to section 775.021(4), held that Williams should have only been sentenced for the sale of the marijuana. In so holding, the court relied upon Drayton v. State, supra, and Jackson v. State, 311 So.2d 811 (Fla. 1st DCA 1975). The Jackson decision was unquestionably grounded upon the pre-1977 common law version of the single transaction rule.
Because we believe that the cases cited by the appellant in support of his position do not involve an application of the current single transaction rule, we decline to follow them. Rather, we hold that section 775.021(4) requires that separate sentences be imposed where a defendant is convicted of both the sale and possession of marijuana, unless the possession is a lesser included offense of the sale. As we have said, the appellant's possession of marijuana in this case was not a lesser included offense of his sale of that substance. Accordingly, the separate sentences imposed by the trial court are affirmed.
AFFIRMED.
SCHEB, C.J., and GRIMES, J., concur.