430 So.2d 448 (1983)
Robert Lee SMITH, Petitioner,
v.
STATE of Florida, Respondent.
No. 61794.
Supreme Court of Florida.
May 12, 1983.
Ronald A. Dion, Entin, Schwartz, Dion and Sclafani, North Miami Beach, and Clyde M. Taylor, Jr., Tallahassee, for petitioner.
Jim Smith, Atty. Gen., and Peggy A. Quince, Asst. Atty. Gen., Tampa, for respondent.
McDONALD, Justice.
We have accepted jurisdiction of this cause, pursuant to article V, section 3(b)(3), Florida Constitution, because the district court opinion, Smith v. State, 412 So.2d 22 (Fla. 2d DCA 1982), acknowledges conflict with Drayton v. State, 372 So.2d 983 (Fla. 3d DCA 1979), and Williams v. State, 377 So.2d 755 (Fla. 1st DCA 1979), cert. denied, 385 So.2d 762 (Fla. 1980). The question is whether or not a person may be convicted and sentenced for possession of proscribed substances when he has been convicted and sentenced simultaneously for the sale of the same drugs in the same transaction. The second district court of appeal answered that question in the affirmative. We agree and approve Smith.
The state filed a two-count information against Smith; the first count charged possession of a controlled substance, methaqualone, and the second count charged the sale of the same methaqualone. The information read, in part, as follows:
ROBERT LEE SMITH
of the County of Pinellas and State of Florida, on the 29th day of May in the year of our Lord, one thousand nine hundred eighty, in the County and State aforesaid, did unlawfully possess and have in his control a certain controlled substance, to-wit: Methaqualone; contrary to Chapter 893.13 Florida Statutes, and against the peace and dignity of the State of Florida;
COUNT TWO
And the State Attorney aforesaid, under oath as aforesaid, further information makes that ROBERT LEE SMITH, of the County of Pinellas, State of Florida, on the 29th day of May, in the year of our Lord, one thousand nine hundred eighty, in the County and State aforesaid, did unlawfully sell, for consideration, a certain controlled substance, to-wit: Methaqualone, to one Tom Ward;
After a motion to suppress failed, Smith pled nolo contendere to both counts and *449 received two consecutive two-and-one-half-year sentences.
Smith contends that, when the factual basis for both the purchase and sale are the same, he cannot be sentenced for both. This is the position adopted by the Third District Court of Appeal in Drayton v. State. One of the cases cited in Drayton was Yost v. State, 243 So.2d 469 (Fla. 3d DCA 1971), where the same court had stated: "In Florida, where an information contains more than one count, but each is a facet or phase of the same transaction, only one sentence may be imposed; and the sentence which should be imposed is for the highest offense charged." Id. at 471. In Williams v. State the First District Court of Appeal also found error in convicting a person for both the sale and the possession of the same substance. Conversely, the Second District Court of Appeal in Fundak v. State, 362 So.2d 295 (Fla. 2d DCA 1978), citing section 775.021, Florida Statutes (1977), ruled that it is proper to impose sentences for both possession and sale.[1] Neither the first district nor the third district has cited this section in their opinions.
In Borges v. State, 415 So.2d 1265 (Fla. 1982), this Court held that the enactment of subsection 775.021(4)[2] is controlling and that when two statutory violations occur during a single episode it is proper to impose sentence separately for each violation unless one was a lesser included offense of the other. In this regard we said that a
less serious offense is included in a more serious one if all of the elements required to be proven to establish the former are also required to be proven, along with more, to establish the latter. If each offense requires proof of an element that the other does not, the offenses are separate and discrete and one is not included in the other. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
Id. at 1267.
When one utilizes that guideline it is evident that a violation of subsection 893.13(1)(e), Florida Statutes (1979),[3] is not an offense included in the sale of a controlled substance proscribed by subsection 893.13(1)(a), Florida Statutes (1979).[4] Our holding in Borges controls here. Accordingly, we approve the instant decision and disapprove Drayton and Williams.[5]
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD, OVERTON and EHRLICH, JJ., concur.
NOTES
[1] Fundak was the authority for the holding in the instant case.
[2] § 775.021(4) reads as follows:

Whoever, in the course of one criminal transaction or episode, commits an act or acts constituting a violation of two or more criminal statutes, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense, excluding lesser included offenses, committed during said criminal episode, and the sentencing judge may order the sentences to be served concurrently or consecutively.
[3] § 893.13(1)(e) reads as follows:

It is unlawful for any person to be in actual or constructive possession of a controlled substance unless such controlled substance was lawfully obtained from a practitioner or pursuant to a valid prescription or order of a practitioner while acting in the course of his professional practice or to be in actual or constructive possession of a controlled substance except as otherwise authorized by this chapter. Any person who violates this provision is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
[4] § 893.13(1)(a) reads as follows:

Except as authorized by this chapter and chapter 500, it is unlawful for any person to sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance... .
[5] We decline to address the other issues sought to be raised here which were not discussed in the district court opinion.