ON MOTION FOR REHEARING
ZEHMER, Judge.
Appellants have filed a motion for rehearing, and appellee, State of Florida, has filed a motion for modification of our decision filed July 18, 1983. Both parties take issue with our application of Bell v. State, 437 So.2d 1057 (Fla.1983), to the facts of this case.
Appellant argues that Borges v. State, 415 So.2d 1265 (Fla.1982), is controlling since the two offenses charged against ap *239 pellants are actually “the same” offense under Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), and that Bell v. State is inapplicable because it deals with one charge which is a lesser-included offense of the other charge.
Appellee contends that the result of our decision is correct but that we should modify our opinion “by deleting all reference to whether separate convictions and sentences would have been improper, and should merely affirm the only judgment and sentence entered against the defendants, to wit: the unlawful manufacture of a controlled substance.” The appellee argues that Bell v. State is distinguishable because the present case does not deal with one offense that is a lesser-included offense of the other, and that this case is controlled by the Supreme Court’s decision in Smith v. State, 430 So.2d 448 (Fla.1983).
In Bell, the court set forth the following rule:
If two statutory offenses have the exact, same essential constituent elements, or when one statutory offense includes all of the elements of the other, those two offenses are constitutionally ‘the same offense’ and a person cannot be put in jeopardy as to both such offenses unless the two offenses are based on two separate and distinct factual events.
437 So.2d at 1060. This rule applies whether the double jeopardy issue arises in the context of lesser-included offenses or offenses of equal dignity charged in the same or separate indictments. Moreover, Bell makes it clear that if double jeopardy is in fact shown, no longer is it sufficient to merely vacate the sentence and let the multiple convictions stand.
According to the Supreme Court’s opinion in Smith, proof of sale of a controlled ■ substance does not require proof of possession. Therefore, the crimes of sale of a controlled substance [§ 893.13(l)(a), Fla. Stat.] and possession of a controlled substance [§ 893.13(l)(e), Fla.Stat.] are not the “same offense” for double jeopardy purposes, and the defendant in Smith could be convicted and sentenced for both sale and possession of a controlled substance.
The key question in the present case is whether proof of the manufacture of a controlled substance requires proof of possession. According to the Schedule of Lesser Included Offenses in Florida Standard Jury Instructions in Criminal Cases (2d Ed., 1981), the crime of possession under Section 893.13(l)(e), is a necessarily included offense of the crimes listed in Section 893.13(l)(a) only if possession is charged under Section 893.13(l)(a).
In the present case, appellants were charged in count one with “actual or constructive possession” of cannabis, in contravention of Section 893.13(l)(e) and in count two with having “unlawfully and knowingly manufactured] or possessed] with intent to distribute ” cannabis in contravention of Section 893.13(l)(a). Our opinion assumed that appellants were adjudged guilty as charged in count two without distinguishing “manufacture” and “possession with intent to distribute” as separate offenses. The appellee’s motion correctly points out that appellants were adjudicated guilty only of “manufacture” and not of “possession with intent to distribute.” [1]
While the Schedule of Lesser Included Offenses makes it clear that “possession” under 13(l)(e) is a necessarily included offense of “possession with intent to distribute” under 13(l)(a), it is also clear that “possession” is not a necessarily included offense of “manufacture” under 13(l)(a) because the crime of “manufacture” does *240 not require proof of possession.[2] Accordingly, appellants could have been convicted and sentenced for both the manufacture of cannabis under Section 893.13(l)(a) and the possession of the same cannabis under Section 893.13(l)(e) without violating the double jeopardy clause. Smith v. State, supra.
We also note that although both parties on appeal have represented to us that appellants were adjudicated guilty only on the charge in count two, there are two conflicting judgments contained in the record on appeal. Pursuant to the form simply entitled “JUDGMENT,” the standard judgment form now widely used throughout the state, the appellants were adjudicated guilty of the “manufacture” charged in count two. However, the trial judge also executed and filed a second form entitled “Judgment, Sentence and Order Placing Defendant on Probation During Portion of Sentence,” which purports to adjudicate appellants guilty of both the “manufacture” charge in count two and the “possession” charge in count one. Upon remand, the trial judge is instructed to clarify his intent by modifying or vacating one of these conflicting judgments. If the purpose of the second form of judgment was to set out the conditions of probation being imposed, we suggest that such conditions be set forth in a separate order appropriately titled and specifying such conditions.
Appellants’ motion for rehearing is DENIED. The appellee’s motion for modification is GRANTED, and our opinion is modified to the extent that it indicated appellants could not be convicted and sentenced for both manufacture and possession. This case is REMANDED for proceedings necessary to clarify the judgment.
WENTWORTH and THOMPSON, JJ., concur.

. Appellants, in the statement of the case and facts in their brief, simply state that appellants were found guilty as charged in count two without distinguishing between these two offenses. The appellee’s brief unqualifiedly accepted the appellant’s statement of the case and facts, and we accepted that statement without further inquiry. Appellant’s brief did not comment that any distinction should be made between these *240 two offenses charged in the same count of the information.

. The standard jury instruction on "manufacture” of a controlled substance in violation of Section 893.13(l)(a) does not include possession as an essential element.