447 So.2d 219 (1984)
Leslie PORTEE, Petitioner,
v.
STATE of Florida, Respondent.
No. 60190.
Supreme Court of Florida.
March 15, 1984.
Jerry Hill, Public Defender and Geoffrey A. Foster, Asst. Public Defender, Tenth Judicial Circuit, Bartow, for petitioner.
Jim Smith, Atty. Gen., and Michael A. Palecki and Theda James Davis, Asst. Attys. Gen., Tampa, for respondent.
ADKINS, Justice.
This cause is before the Court on petition for review of a decision of the district court of appeal on the ground that it expressly and directly conflicts with a decision of another district court of appeal. The decision below, Portee v. State, 392 So.2d 314 (Fla. 2d DCA 1980), conflicts with Williams v. State, 377 So.2d 755 (Fla. 1st DCA 1979), cert. denied, 385 So.2d 762 (Fla. 1980). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. Williams has been disapproved. Smith v. State, 430 So.2d 448 (Fla. 1983).
*220 Petitioner was charged with and convicted of both possession and sale of marijuana and was given separate sentences for the two offenses. On appeal he argued that under the "single-transaction rule" he could only be sentenced for the more serious of the two offenses. The district court disagreed, holding that under section 775.021(4), Florida Statutes (1977), separate convictions and sentences were proper since possession and sale are discrete offenses. This subsection reads as follows:
(4) Whoever, in the course of one criminal transaction or episode, commits an act or acts constituting a violation of two or more criminal statutes, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense, excluding lesser included offenses, committed during said criminal episode, and the sentencing judge may order the sentences to be served concurrently or consecutively.
The decision of the district court is correct. In Borges v. State, 415 So.2d 1265 (Fla. 1982), we held that when more than one offense may be charged and proven based on a single episode, transaction, or course of conduct, separate convictions and sentences are proper. The statute excludes lesser included offenses, thus indicating an intent not to allow multiple punishments when there is but one offense.
If two statutory offenses have the exact, same essential constituent elements, or when one statutory offense includes all of the elements of the other, those two offenses are constitutionally "the same offense" and a person cannot be put in jeopardy as to both such offenses unless the two offenses are based on two separate and distinct factual events. If it is established that an offense is a lesser included offense of a greater offense also charged, the double jeopardy clause proscribes multiple convictions and sentences for both the greater and lesser included offenses. Bell v. State, 437 So.2d 1057 (Fla. 1983) (holding that sale and possession of controlled substances were lesser included offenses of trafficking in illegal drugs).
In the case sub judice, one subsection of the statute proscribed sale or possession with intent to sell. Another subsection proscribes the possession of more than five grams. The information in count one charged only the sale. Count two alleged defendant possessed more than five grams of the substance. Since possession was not charged in count one, count two is not a lesser included offense. Defendant was properly convicted and sentenced on both counts. Smith v. State.
The decision of the district court of appeal is approved.
It is so ordered.
ALDERMAN, C.J., and BOYD, OVERTON, McDONALD and EHRLICH, JJ., concur.