548 So.2d 797 (1989)
Camelien ST. FABRE, Appellee,
v.
STATE of Florida, Appellee.
No. 88-587.
District Court of Appeal of Florida, First District.
September 6, 1989.
*798 Michael E. Allen, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Carolyn J. Mosley, Asst. Atty. Gen., Tallahassee, for appellee.
BARFIELD, Judge.
Appellant asserts that his convictions for sale of cocaine under section 893.13(1)(a), Florida Statutes (1985), and for possession of the same cocaine under section 893.13(1)(e)[1] violated his constitutional right against double jeopardy. We disagree and affirm the convictions.
Appellant was charged with conspiracy, trafficking, sale and possession of cocaine, possession of cannabis, and possession of drug paraphernalia. He was found guilty of possession of cocaine in violation of section 893.13(1)(e) and sale, delivery or possession with intent to sell or deliver cocaine in violation of section 893.13(1)(a), both convictions predicated on his sale of one piece of cocaine to a confidential informant.
The question, for purposes of double jeopardy analysis, is whether the legislature intended to punish appellant, under subsection (e), for possession of a cocaine rock separately and in addition to punishing him, under subsection (a), for one of the acts constituting a violation of that subsection, involving the same cocaine rock.
Where the same act or transaction constitutes a violation of two distinct statutory provisions, the courts use the Blockburger[2] test in determining whether the legislature intended to punish two separate offenses: Whether each provision requires proof of an additional fact which the other does not. This test has been codified since 1983 in section 775.021(4), Florida Statutes (emphasis added):
Whoever in the course of one criminal transaction or episode, commits separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and a sentencing judge may order the sentences to be served concurrently or consecutively. For the purpose of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
Under this test, violation of section 893.13(1)(e) and violation of section 893.13(1)(a) are separate offenses, even when they are both predicated on the same act or transaction. In Baker v. State, 456 So.2d 419, 420 (Fla. 1984), the supreme court held that the language of the 1979 version of section 775.021(4)[3] excluding lesser included offenses "refers only to necessarily lesser included offenses", that "the Brown category four [now category 2] lesser included offense analysis, while still possibly viable for jury alternatives, has nothing to do with double jeopardy," and that in determining whether separate convictions may flow from a single event, "one looks at the statutory elements of the charged crimes, as opposed to the language of the charging document" (emphasis in the original).
*799 The Florida Standard Jury Instructions in Criminal Cases (2d Ed., Supp. 1987) lists no "category 1" lesser included offenses of violation of section 893.13(1)(a). The "category 2" lesser included offenses are attempts, except when delivery is charged; simple possession, section 893.13(1)(e), if possession with intent to sell is charged; and possession or delivery without consideration of not more than 20 grams of cannabis, section 893.13(1)(f), if possession or delivery of cannabis is charged.
Appellant relies on the opinion of the Second District Court of Appeal in Gordon v. State[4] which held that convictions for sale of cocaine and possession of cocaine with intent to sell, each a violation of section 893.13(1)(a), Florida Statutes (1985), arising out of a single transaction involving the same controlled substance, violated double jeopardy principles because the offense of possession of a controlled substance with intent to sell is necessarily included in the offense of sale of a controlled substance and "the legislature has provided no contraindication that it intended multiple punishments imposed despite the presumption which arose out of the Blockburger portion of our Carawan analysis." 528 So.2d at 914.
In Wheeler v. State, 549 So.2d 687 (Fla. 1st DCA 1989), this court, en banc, reached the same ultimate conclusion reached in Gordon, but rejected its rationale. The court found that the structure of section 893.13(1)(a) indicates that sale and possession with intent to sell are alternative ways of violating the statute and that the legislature intended by this subsection to punish either the completed sale, manufacture or delivery of an illegal drug, or the frustrated sale, manufacture or delivery of the drug (by charging possession of the drug with the intent to sell, manufacture or deliver it), but not both when the same drug and the same transaction are involved. The court noted that it is logical to assume that if the legislature had intended to punish as separate crimes the offenses of sale of an illegal drug and possession with intent to sell the drug, it "would have proscribed each offense in separate subsections of the statute, as it did with simple possession of a controlled substance in section 893.13(1)(e)." (opinion at p. 690). Relying on Smith v. State, 430 So.2d 448 (Fla. 1983), which was not mentioned in Gordon, this court rejected Gordon's rationale and held that possession is not a necessarily lesser included offense of sale of a controlled substance, because each statutory offense requires proof of an element which the other does not.
The State points out that in this case, appellant was convicted of violating two separate subsections of the statute, and argues that possession of cocaine under subsection (e) is not a necessarily lesser included offense of sale of the same cocaine under subsection (a), citing Smith. However, in this case the information, the verdict form, and the judgment each state that appellant was convicted of violating section 893.13(1)(a) by sale, delivery or possession with intent to sell or deliver cocaine. These documents do not specify that appellant was found guilty of sale of *800 cocaine, as opposed to possession with intent to sell cocaine. While possession of cocaine under subsection (e) is a lesser included offense of possession with intent to sell cocaine under subsection (a), it is not a necessarily lesser included offense.
Nevertheless, we find that violation of section 893.13(1)(e) is not a necessarily lesser included offense of violation of section 893.13(1)(a), and that the structure of the statute indicates that the legislature intended to punish these offenses separately. We find in the statute no indication that the legislature intended to punish these separate offenses only once.
In Carawan v. State, 515 So.2d 161 (Fla. 1987), the supreme court construed section 775.021 as a rule of statutory construction, noting that in the absence of any express statement of legislative intent, the Blockburger test creates a presumption as to the actual legislative intent, but that the court "then must consider the presumption so created in light of any relevant factors that may indicate a contrary legislature intent." The court held that if application of the Blockburger test reveals that each offense requires proof of a fact which the other does not, "multiple punishments are presumed to be authorized in the absence of a contrary legislative intent or any reasonable basis for concluding that a contrary intent existed." 515 So.2d at 168 (emphasis in the original).
Section 775.021(1) requires strict construction of the criminal code provisions, and provides that "when the language is susceptible of differing constructions, it shall be construed most favorably to the accused." The Carawan court construed this provision to favor the accused "wherever it is possible to conclude that multiple punishments were not intended, no matter what the elements of the crimes were." Id. It held that where there is a reasonable basis for concluding that the legislature did not intend multiple punishments, "the rule of lenity contained in section 775.021(1) and our common law requires (sic) that the court find that multiple punishments are impermissible." Id.
Shortly after the supreme court's opinion in Carawan was issued, the Florida Legislature amended section 775.021(4), chapter 88-131, Laws of Florida (changes underlined):
(a) Whoever in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and a sentencing judge may order the sentences to be served concurrently or consecutively. For the purpose of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
(b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:
1. Offenses which require identical elements of proof.
2. Offenses which are degrees of the same offense as provided by statute.
3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
The parties dispute whether application of the Carawan "lenity" doctrine to determine the legislative intent in this case is appropriate following the 1988 amendment to section 775.021(4).[5] We need not reach *801 this question, because we find appellant's convictions affirmable under either Carawan or the amended statute. Because the offenses meet the Blockburger test for separate offenses and we find no indication in the statute that the legislature intended to punish these separate offenses only once, under the amended statute we would find that the legislature meant to punish each offense separately. But even under a Carawan "lenity" analysis, in which doubt would have to be resolved in favor of the defendant if there were any indication in the statute that would reasonably support a finding that the legislature intended to punish the offenses only once, we find nothing in section 893.13 which would reasonably support a finding that the legislature did not intend to punish separately violations of separate subsections of the statute which appear to address separate evils.
The convictions are AFFIRMED.
SHIVERS, C.J., and ZEHMER, J., concur.
NOTES
[1] Chapter 87-243 added "purchase" to subsection (1)(a) and reclassified (1)(e) as a new offense of committing the (1)(a) crimes near schools. Simple possession is now proscribed by subsection (1)(f).
[2] Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
[3] "Whoever, in the course of one criminal transaction or episode, commits an act or acts constituting a violation of two or more criminal statutes, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense, excluding lesser included offenses, committed during said criminal episode, and the sentencing judge may order the sentences to be served concurrently or consecutively."
[4] 528 So.2d 910 (Fla. 2d DCA 1988). In Gordon, the court certified the following question to the Florida Supreme Court as a matter of great public importance:

IN APPLYING CARAWAN V. STATE, 515 So.2d 161 (Fla. 1987) TO THE FACTS OF THIS CASE, DO CONVICTIONS AND SENTENCES FOR THE CRIMES OF SALE OF ONE ROCK OF COCAINE AND POSSESSION WITH INTENT TO SELL THAT SAME ROCK OF COCAINE VIOLATE THE DOUBLE JEOPARDY PROTECTION PROVIDED BY THE STATE AND FEDERAL CONSTITUTIONS?
In State v. Smith, 547 So.2d 613 (Fla. 1989), the supreme court answered this question, holding that "Carawan has been overridden for offenses that occur after the effective date of chapter 88-131, section 7 [Laws of Florida], but the override will not be retroactively applied." The court found that under the amended statute, "[a]bsent a statutory degree crime or a contrary clear and specific statement of legislative intent in the particular criminal offense statutes, all criminal offenses containing unique statutory elements shall be separately punished." The supreme court noted that the district court had applied the mode of analysis set out in Carawan and had concluded that the legislature did not intend that the crimes be treated as separate offenses subject to separate convictions and punishment, but did not address the district court's rationale in so concluding.
[5] The State asserts that to the extent Carawan may have cast doubt on the precedential value of Smith, the Florida Legislature dispelled that doubt by amending section 775.021 to preclude use of the principle of "lenity" as set out in that section to determine legislative intent in such matters, contrary to Carawan. It contends that the fact that the amendment was adopted shortly after release of the Carawan decision indicates that it was an expression of prior and continuing legislative intent, rather than a substantive change in the law, citing Lowry v. Parole and Probation Commission, 473 So.2d 1248 (Fla. 1985), and Clark v. State, 530 So.2d 519 (Fla. 5th DCA 1988), and that the amended statute is therefore applicable.

Justice Shaw's special concurrence in State v. Barritt, 531 So.2d 338, 339-42 (Fla. 1988), indicated that the amended statute would apply in this case, since it was not a substantive change in the law, but merely a clarification of legislative intent. However, this question appears to have been decided in State v. Smith, 547 So.2d 613 (Fla. 1989), in which the court held that the amended statute may not be retroactively applied.