ERVIN, Judge.
Appellant, Alexander L. Henry, raises three issues in connection with his appeal from his conviction for possession of cocaine. Regarding the first two issues, we find no error in the admission into evidence of either the photograph or the cocaine. As to the third point, the defense contended that the lower court erroneously instructed the jury that simple possession of cocaine is a lesser included offense to sale of cocaine, and that the jury returned *213 an inconsistent verdict finding appellant guilty of possession in that the evidence presented only proved possession if sale was also established. The state concedes error on this issue, pointing out that possession of a controlled substance is not a lesser included offense of sale of a controlled substance,[1] and that fundamental error allegedly occurred because appellant was convicted of a crime for which he was not charged.
The state’s concession is, under the circumstances, erroneous. Although the record discloses that defense counsel initially made a somewhat tentative objection to the court’s proposed instruction on possession, he nevertheless later advised the court that his client preferred that the charge be given. He therefore had no objection to the charge or to the verdict form which included an option that the appellant could be found guilty of possession of cocaine. In the absence of objection, the court’s instruction to the jury on an erroneous lesser offense cannot be considered fundamental error. See Hoover v. State, 530 So.2d 308 (Fla.1988); Ray v. State, 403 So.2d 956 (Fla.1981; Roberts v. State, 461 So.2d 212 (Fla. 1st DCA 1984); McPhee v. State, 254 So.2d 406 (Fla. 1st DCA 1971).
AFFIRMED.
WENTWORTH and MINER, JJ., concur.

. Smith v. State, 430 So.2d 448, 449 (Fla.1983). One can, however, be convicted of both sale and possession if the two violations occur during a single episode. Id.