SCHEB, Acting Chief Judge.
Defendant challenges his convictions and sentence for delivery and possession of cocaine on double jeopardy grounds. Defendant also claims certain evidence was unlawfully seized from his residence. We agree with defendant regarding his double jeopardy claim but find no unlawful seizure of evidence.
Defendant was charged by information with six counts of drug-related offenses: (1) delivery of cocaine; (2) possession of cocaine; (3) possession of marijuana; (4) possession of cocaine; (5) possession of dia-zepam; and (6) possession of codeine. Defendant filed a plea of guilty to Counts I and II and a plea of nolo contendere to the remaining counts, reserving his right to appeal the trial court’s denial of his motion to suppress contraband. After a judgment was entered, defendant received an eighteen month sentence for Count I and separate eighteen month sentences for each of the remaining counts, to run concurrent to his sentence for Count I.
The affidavit in support of the information revealed that Counts I and II were based on a single incident occurring on January 2, 1987, where defendant had in his possession and sold to an undercover detective of the St. Petersburg Police Department a half gram of cocaine. As we recently stated in Fuentes v. State, 533 So.2d 811, 312 (Fla.2d DCA 1988), “[i]t is now well established that a defendant may not be convicted of both delivery and possession of cocaine predicated on a single underlying act." See Carawan v. State, 515 So.2d 161 (Fla.1987); Gordon v. State, 528 So.2d 910 (Fla.2d DCA 1988). Accordingly, we find that defendant’s convictions for both Counts I and II violated his double jeopardy rights under the federal and state constitutions.
Reversed and remanded to the trial court with directions to vacate the conviction for either Count I or II and for resentencing consistent with this opinion.
RYDER and SCHOONOVER, JJ., concur.