DAUKSCH, Judge.
This is an appeal from convictions for sale and possession of illegal drugs. Because it was the same drugs which were both sold and possessed it is appellant’s contention that his constitutional double jeopardy rights are violated by convicting him of two crimes for one act.
State v. Smith, 547 So.2d 613 (Fla.1989) answers the question in this case. That case holds that Carawan v. State, 515 So.2d 161 (Fla.1987) and Gordon v. State, 528 So.2d 910 (Fla. 2d DCA 1988) apply to this case because the crime occurred before the effective date of Chapter 88-131, Laws of Florida. Gordon says one cannot be convicted of both sale and possession for a single transaction and cites the Carawan case and its single evil rationale.
Smith explains that the statute overrides Carawan but Smith holds that the legislature’s announcement of its intent in the statute will not be applied “retroactively.” Thus, this appellant cannot be convicted of both sale and possession because his crimes were committed in October, 1987.
*784 The possession conviction is reversed and this cause remanded for resentencing. See State v. Barton, 523 So.2d 152 (Fla.1988). The sale conviction is affirmed.
AFFIRMED in part; REVERSED in part; REMANDED.
ORFINGER and COBB, JJ., concur.