555 So.2d 1210 (1989)
Joseph SERPA, Petitioner,
v.
STATE of Florida, Respondent.
No. 74145.
Supreme Court of Florida.
November 30, 1989.
Rehearing Denied February 20, 1990.
Richard L. Jorandby, Public Defender, and Cherry Grant, Asst. Public Defender, West Palm Beach, for petitioner.
Robert A. Butterworth, Atty. Gen., and Patricia G. Lampert, Asst. Atty. Gen., West Palm Beach, for respondent.
BARKETT, Justice.
We have for review Serpa v. State, 541 So.2d 799, 799 (Fla. 4th DCA 1989), in which the district court certified the following question to be of great public importance:
May evidence obtained as a result of defendant's consent to search, be suppressed by the trial court as "coerced" upon the sole ground that the officer(s) boarded a bus (or other public transport) and randomly sought consent from passengers?
We have discretionary jurisdiction. Art. V, § 3(b)(4), Fla. Const. For the reasons expressed in Bostick v. State, 554 So.2d 1153 (Fla. 1989), we answer the certified question, as rephrased therein, in the affirmative, quash the opinion of the district court, and remand to the district court for proceedings consistent with Bostick.
It is so ordered.
EHRLICH, C.J., and SHAW and KOGAN, JJ., concur.
OVERTON, McDONALD and GRIMES, JJ., dissent.