553 So.2d 186 (1989)
Harrison PORTERFIELD, Appellant,
v.
STATE of Florida, Appellee.
No. 88-1480.
District Court of Appeal of Florida, First District.
September 20, 1989.
On Rehearing December 4, 1989.
Carl S. McGinnes, Assistant Public Defender, Tallahassee, for appellant.
Edward C. Hill, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Porterfield's convictions and sentences for possession of cocaine in violation of § 893.13(1)(e), Fla. Stat. (1985) and sale of the same cocaine in violation of § 893.13(1)(a), Fla. Stat. (1985) are affirmed. Smith v. State, 430 So.2d 448 (Fla. 1983). But see Wheeler v. State, 549 So.2d 687 (Fla. 1st DCA 1989) and questions certified therein.
AFFIRMED.
SMITH, THOMPSON and MINER, JJ., concur.

ON REHEARING
THOMPSON, Judge.
Porterfield filed a motion for rehearing, to certify question, and to certify conflict. In the motion he contends that the decision in this case conflicts with decisions on the same issue by two other district courts of appeal. We grant rehearing, certify conflict and certify the question of whether on the authority of Smith v. State, 430 So.2d 448 (Fla. 1983), a person may be convicted and sentenced for the possession of cocaine under § 893.13(1)(e), Fla. Stat. (1985), and the sale of the same cocaine under § 893.13(1)(a), Fla. Stat. (1985). The decision in this case does conflict with the decisions in Choctaw v. State, 547 So.2d 726 (Fla. 2d DCA, 1989); Kocol v. State, 546 So.2d 1159 (Fla. 5th DCA, 1989); and Jelks v. State, 546 So.2d 783 (Fla. 5th DCA, 1989). In Choctaw, Kocol and Jelks, the courts found a double jeopardy violation although the offenses were set forth in separate subsections of the same statute. This case does not conflict with Wheeler v. State, 549 So.2d 687 (Fla. 1st DCA 1989), in which this court held it was a double jeopardy violation to convict and sentence for both the sale and possession of the same substance when the offenses were set forth in the same subsection of the same statute. *187 We think that because this case involves separate offenses and separate subsections of the statute, it is controlled by the decision of our supreme court in Smith v. State, 430 So.2d 448 (Fla. 1983). This court's position, as carefully considered and discussed in Wheeler, distinguishes between cases where the sentence and conviction is for both sale and possession under one subsection of the statute and cases involving sale and possession under two separate subsections of the same statute. We believe this position is the better reasoned one. Accordingly, Porterfield's convictions and sentences are affirmed.
Because of the conflict between this decision and the decisions of the Second and Fifth District Courts of Appeal, we certify to the Florida Supreme Court the following question:
Under the provisions of § 775.021(4)(b), Fla. Stat., may a person be convicted and sentenced for possession of cocaine in violation of § 893.13(1)(e), Fla. Stat. (1985) and sale of the same cocaine in violation of § 893.13(1)(a), Fla. Stat. (1985)? Smith v. State, 430 So.2d 448 (Fla. 1983).
SMITH and MINER, JJ., concur.