555 So.2d 1210 (1989)
STATE of Florida, Petitioner,
v.
Bobby Joe BURTON, Respondent.
No. 73700.
Supreme Court of Florida.
December 7, 1989.
Rehearing Denied February 21, 1990.
Robert A. Butterworth, Atty. Gen., and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for petitioner.
James Marion Moorman, Public Defender, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for respondent.
PER CURIAM.
We have for review Burton v. State, 541 So.2d 1203 (Fla.2d DCA 1988), which held that the defendant cannot be convicted of both delivery and possession of the same *1211 cocaine without violating his double jeopardy rights under the federal and state constitutions. We take jurisdiction to resolve alleged conflict with Smith v. State, 430 So.2d 448 (Fla. 1983). Art. V, § 3(b)(3), Fla. Const.
We held, in State v. Smith, 547 So.2d 613 (Fla. 1989), which applied chapter 88-131, section 7, Laws of Florida,[1] that the legislature intended the following to be separate offenses subject to separate convictions and separate punishments: the sale or delivery of a controlled substance; and possession of that substance with intent to sell. We also held that although chapter 88-131 overrode Carawan v. State, 515 So.2d 161 (Fla. 1987), nevertheless, it is not to be applied retroactively.
Because the convictions at issue here are based on an incident which occurred prior to July 1, 1988,[2] the effective date of chapter 88-131, we approve the result reached by the district court.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[1] This section amended subsection 775.021(4), Florida Statutes, to provide:

(a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
(b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:
1. Offenses which require identical elements of proof.
2. Offenses which are degrees of the same offense as provided by statute.
3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
§ 775.021(4), Fla. Stat. (Supp. 1988).
[2] The incident upon which respondent's convictions are based occurred on January 2, 1987.