SHARP, Judge.
McKinney appeals his convictions for sale of cocaine under section 893.13(l)(a), Florida Statutes (1987), possession of cocaine under section 893.13(l)(f), Florida Statutes (1987), and the sentence which was imposed on the possession count. Adjudication was withheld on the sale count. He argues both convictions cannot stand because they are based on the sale of one piece of crack cocaine to an undercover police agent. We agree.
The crimes in this case took place on April 8, 1988. They predate the legisla *797 ture’s amendment to section 775.021(4). Therefore, the law of this case is governed by Carawan v. State, 515 So.2d 161 (Fla.1987). Since both convictions cannot rest on the single transaction involving one rock of cocaine, we must vacate the conviction for the lesser degree crime, the possession count.[1] Gordon v. State, 528 So.2d 910 (Fla. 2d DCA 1988), approved, 547 So.2d 613 (Fla.1989); Jelks v. State, 546 So.2d 783 (Fla. 5th DCA 1989). Accordingly, McKinney’s conviction and sentence for the possession count is vacated and this cause is remanded for sentencing on the sale count.
REVERSED in part; REMANDED.
DAUKSCH and COWART, JJ., concur.

. Possession is a third degree felony; sale is a second degree felony. § 893.13(l)(f), (l)(a), Fla.Stat. (1987).