557 So.2d 685 (1990)
Reginald Eugene ROBERTS, Appellant,
v.
STATE of Florida, Appellee.
No. 88-2343.
District Court of Appeal of Florida, Fifth District.
March 8, 1990.
James B. Gibson, Public Defender, and Daniel J. Schafer, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Laura Griffin, Asst. Atty. Gen., Daytona Beach, for appellee.
DANIEL, Chief Judge.
Defendant, Reginald Roberts, appeals from the judgments and sentences imposed by the trial court after a jury found him guilty of committing the offenses of possession of cocaine, in violation of section 893.13(1)(f), Florida Statutes (1987), and sale or delivery of cocaine, in violation of section 893.13(1)(a)(1), Florida Statutes (1987). Defendant contends that it was improper for the trial court to impose judgment and sentence on both convictions because the convictions were predicated upon a single criminal act, the sale of one rock of cocaine to an undercover police officer. The state properly concedes error. See Carawan v. State, 515 So.2d 161 (Fla. 1987).[1]See also McKinney v. State, 553 So.2d 796 (Fla. 5th DCA 1989); Hamilton v. State, 552 So.2d 1186 (Fla. 5th DCA 1989). Accordingly, we vacate the judgment and sentence imposed on the possession charge and remand this cause to the trial court for resentencing.
AFFIRMED in part; REVERSED in part; REMANDED.
DAUKSCH and GRIFFIN, JJ., concur.
NOTES
[1] The offenses involved occurred prior to July 1, 1988, the effective date of chapter 88-131, section 7, Laws of Florida. See State v. Smith, 547 So.2d 613 (Fla. 1989).