561 So.2d 314 (1990)
V.A.A., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 88-03290.
District Court of Appeal of Florida, Second District.
March 9, 1990.
Rehearing Denied April 18, 1990.
James Marion Moorman, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Brenda S. Taylor, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
The simple issue raised in this appeal is whether the trial court erred in adjudicating the appellant delinquent and sentencing him on four counts: two counts charging sale and possession of one quantity of cannabis on June 16, 1988, and two counts charging sale and possession of a different quantity of cannabis on July 5, 1988. We must deal with the earlier crimes under a Carawan v. State, 515 So.2d 161 (Fla. 1987), analysis. Using that analysis we find that it was error for the trial court to sentence the appellant doubly on these two counts. Gordon v. State, 528 So.2d 910 (Fla. 2d DCA 1988), approved sub nom, State v. Smith, 547 So.2d 613 (Fla. 1989) (also denying retroactive application of the relevant statute as amended).
We turn now to the July 5, 1988, crimes. Because they were committed after the effective date of section 775.021, Florida Statutes (1988), the statute, as amended, applies to them. Smith, 547 So.2d at 617. In its amended version, the legislature has clarified its intent by mandating separate convictions and sentences for each criminal offense committed in one criminal episode unless the crimes fit into *315 one of three enumerated exceptions outlined in section 775.021(4)(b). The exception contained in subsection (4)(b)(3) is implicated under the facts of the case before us:
(4)(b)(3). Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
In Gordon we discussed the elements of the crimes of sale and possession with intent to sell and the supreme court affirmed in Smith. Under that analysis we find the crimes committed by the appellant on July 5, 1988, do fit into this third category. Thus, separate convictions and sentences for sale and possession of the same quantity of contraband are prohibited by the legislature.
We believe our conclusion correctly applies the statute as amended. We are concerned, however, that dicta in a subsequent case, State v. Burton, 555 So.2d 1210 (Fla. 1989) (which only dealt with these crimes occurring before July 1, 1988), may cause some doubt. Burton notes that Smith held that the amended statute makes sale and possession of the same substance separate offenses subject to separate convictions and punishments. Our reading of Smith does not lead to such a conclusion; moreover, because of the pre-amendment date of the crimes in Smith (i.e., Gordon) and the crimes in Burton, the supreme court has not had occasion to apply the amended statute. The instant case, however, does present the necessary factual events for applying the amended statute. Accordingly, we certify the following question to the supreme court as one of great public importance:
WHEN A DOUBLE JEOPARDY VIOLATION IS ALLEGED BASED ON THE CRIMES OF SALE AND POSSESSION (OR POSSESSION WITH INTENT TO SELL) OF THE SAME QUANTUM OF CONTRABAND AND THE CRIMES OCCURRED AFTER THE EFFECTIVE DATE OF SECTION 775.021, FLORIDA STATUTES (SUPP. 1988), IS IT IMPROPER TO CONVICT AND SENTENCE FOR BOTH CRIMES?
The adjudication of delinquency for the two counts of sale is affirmed; the adjudication of delinquency for the two possession counts is reversed. The order of disposition is reversed and remanded to the trial court for redisposition in accordance with this opinion.
DANAHY, A.C.J., and LEHAN and HALL, JJ., concur.