PER CURIAM.
We affirm appellant’s conviction for sale, delivery or possession with intent to sell or deliver cocaine rocks. § 893.13(l)(a), Fla. Stat. (1987).
We reverse his conviction and sentence for possession of cocaine rocks. § 893.13(l)(f) (1987).[1] As conceded by the state, the dual conviction placed appellant in jeopardy twice for the single May 1988 criminal act.[2] Carawan v. State, 515 So.2d 161 (Fla.1987); Smith v. State, 524 So.2d 461 (Fla. 4th DCA 1988), approved, State v. Smith, 547 So.2d 613 (Fla.1989); Choctaw v. State, 547 So.2d 726, 727 (Fla. 2d DCA 1989) (citing Gordon v. State, 528 So.2d 910 (Fla. 2d DCA 1988), approved sub nom. State v. Smith, 547 So.2d 613 (Fla.1989).[3] We remand for resentencing consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED FOR RESEN-TENCING.
GLICKSTEIN, DELL and GARRETT, JJ., concur.

. The information erroneously cited section 893.13(l)(e).

. Section 775.021(4)(a), Florida Statutes (Supp. 1988), which overrode Carawan v. State, 515 So.2d 161 (Fla.1987), became effective July 1, 1988. The statute is inapplicable to crimes committed before its effective date. State v. Smith, 547 So.2d 613, 617 (Fla.1989).

.We acknowledge conflict with Porterfield v. State, 553 So.2d 186 (Fla. 1st DCA 1989) (dual convictions for cocaine sale and possession upheld) and note its certified question based on State v. Smith, 430 So.2d 448 (Fla. 1983) (dual convictions proper if sale and possession crimes set forth in the same subsection of the statute).