560 So.2d 1172 (1990)
STATE of Florida, Petitioner,
v.
Jimmie Duran HATTEN, Respondent.
No. 74169.
Supreme Court of Florida.
May 10, 1990.
Robert A. Butterworth, Atty. Gen., and Brenda S. Taylor, Asst. Atty. Gen., Tampa, for petitioner.
James Marion Moorman, Public Defender, and Deborah K. Brueckheimer, Asst. Public Defender, Bartow, for respondent.
BARKETT, Justice.
We have for review Hatten v. State, 542 So.2d 1061 (Fla. 2d DCA 1989), due to asserted conflict with Smith v. State, 430 So.2d 448 (Fla. 1983). We grant review pursuant to article V, section 3(b)(3) of the Florida Constitution, and approve the decision of the district court for the reasons stated in State v. Burton, 555 So.2d 1210 (Fla. 1989).
It is so ordered.
OVERTON, McDONALD, GRIMES and KOGAN, JJ., concur.
SHAW, J., dissents with an opinion, in which EHRLICH, C.J., concurs.
*1173 SHAW, Justice, dissenting.
In State v. Smith, 547 So.2d 613 (Fla. 1989), we indicated that for crimes committed before July 1, 1988, the rule of lenity articulated in Carawan v. State, 515 So.2d 161 (Fla. 1987), was applicable and prohibited the state from imposing multiple punishments for sale of drugs and possession with intent to sell the same drugs. In State v. Burton, 555 So.2d 1210 (Fla. 1989), we relied on Smith and held that convictions for both delivery and possession of the same drugs fail under Carawan. In the instant opinion, we rely on Burton and affirm the district court's decision setting aside dual convictions for sale and possession of a single quantity of drugs.
In my opinion, Smith does not provide a basis for these later rulings. Possession of drugs is proscribed by more than one section of the Florida Statutes (1985). Section 893.13(1)(a) describes "possession with intent to sell"; section 893.13(1)(e), on the other hand, defines "simple possession," an entirely different offense and one not dealt with in Smith. The offenses in Smith were sale and possession with intent to sell. Prosecution of these two offenses failed under Carawan because both addressed the same basic evil  the facilitation of the transfer of drugs. See Wheeler v. State, 549 So.2d 687, 692 (Fla. 1st DCA 1989) (Nimmons, J., concurring). The offenses at issue here are sale and simple possession. Prosecution of these two separate crimes arising from the same act passes muster even under Carawan because they contain different statutory elements and address different evils of legitimate legislative concern  one pertains to the possession of drugs by the individual without any particular intent and the other pertains to the sale or delivery of drugs. See Porterfield v. State, 553 So.2d 186 (Fla. 1st DCA 1989); cf. Smith v. State, 430 So.2d 448 (Fla. 1983). The same analysis applies to Burton, where the offenses were delivery and simple possession. I would quash the DCA decision, order Hatten's conviction and sentence for possession reinstated, and distinguish Burton to the extent that it can be read as applying to simple possession under section 893.13(1)(e).
EHRLICH, C.J., concurs.