567 So.2d 429 (1990)
Harrison PORTERFIELD, Petitioner,
v.
STATE of Florida, Respondent.
Willie Fred POLLARD, Petitioner,
v.
STATE of Florida, Respondent.
Nos. 75505, 75223.
Supreme Court of Florida.
September 20, 1990.
*430 Barbara M. Linthicum, Public Defender, and Carl S. McGinnes, Assistant Public Defender, Tallahassee, for petitioners.
Robert A. Butterworth, Atty. Gen., and James W. Rogers, Bureau Chief, Criminal Appeals, Asst. Atty. Gen., Tallahassee, for respondent.
EHRLICH, Justice.
We have for review Porterfield v. State, 553 So.2d 186 (Fla. 1st DCA 1989), and Pollard v. State, 553 So.2d 770 (Fla. 1st DCA 1989). We have jurisdiction. Art. V, §§ 3(b)(3), (4), Fla. Const. We quash the decisions of the First District Court of Appeal for the reasons stated in State v. Burton, 555 So.2d 1210 (Fla. 1989):
We held, in State v. Smith, 547 So.2d 613 (Fla. 1989), which applied chapter 88-131, section 7, Laws of Florida,[1] that the legislature intended the following to be separate offenses subject to separate convictions and separate punishments: the sale or delivery of a controlled substance; and possession of that substance with intent to sell. We also held that although chapter 88-131 overrode Carawan v. State, 515 So.2d 161 (Fla. 1987), nevertheless, it is not to be applied retroactively.
[1] This section amended subsection 775.021(4), Florida Statutes... .
Burton, 555 So.2d at 1211.
Because the convictions at issue here are based upon incidents which occurred prior to July 1, 1988,[1] the effective date of chapter 88-131, separate convictions and sentences are not authorized. Carawan.[2] Accordingly, we remand for proceedings consistent with this decision.
It is so ordered.
OVERTON, McDONALD, BARKETT, GRIMES and KOGAN, JJ., concur.
SHAW, C.J., dissents with an opinion.
SHAW, Chief Justice, dissenting.
I dissent for the same reason I did in State v. Hatten, 560 So.2d 1172 (Fla. 1990) (Shaw, J., dissenting).
NOTES
[1] Porterfield's criminal charges were based upon criminal acts occurring on March 14, 1986. Pollard's criminal charges were based upon criminal acts occurring on September 18, 1987.
[2] The First District Court, in both decisions, relied upon its previous decision in Wheeler v. State, 549 So.2d 687 (Fla. 1st DCA 1989). As the district court stated in Porterfield v. State, 553 So.2d 186, 187 (Fla. 1st DCA 1989),

This court's position, as carefully considered and discussed in Wheeler, distinguishes between cases where the sentence and conviction is for both sale and possession under one subsection of the statute and cases involving sale and possession under two separate subsections of the same statute. We believe this position is the better reasoned one.
The First District Court's position is at odds with the decision of this Court in State v. Smith, 547 So.2d 613 (Fla. 1989).