Larry WILLIAMS, Petitioner,

v.

Richard L. DUGGER, Respondent.

No. 88–6073–CIV.

United States District Court,
S.D. Florida.

July 15, 1993.

Allison Marie Igoe, Asst. Federal Public Defender, Miami, FL, for petitioner.

Patricia G. Lambert, Asst. Atty. Gen., West Palm Beach, FL, for respondent.

## FINAL ORDER OF DISMISSAL

ZLOCH, District Judge.

THIS MATTER is before the Court upon the Report And Recommendation (DE 39) of the United States Magistrate Judge Ann E. Vitunac, and upon Petitioner, Larry Williams', Objections To The Report And Recommendation of the United States Magistrate (DE 40). In addition, the Court has considered the Supplemental Memorandum In Support Of The Petition For Habeas Corpus Relief (DE 46) filed herein by the Petitioner, Larry Williams, and the Response To Court's Order (DE 47) filed herein by Respondent, Richard L. Dugger. The Court has carefully considered the merits of the Petition For Writ Of Habeas Corpus, and the entire court record herein.

## BACKGROUND

On October 29, 1981, at approximately 12:40 a.m., Shirley Smith exited her apartment to discard garbage at the dumpster

located down the hall in the common area of the apartment complex. While outside her apartment, Petitioner, Larry Williams, grabbed Ms. Smith at knifepoint and demanded money and jewelry. Then, he directed her back to her apartment where he allegedly cut and removed all the clothing from her body, assaulted her, fondled her, and attempted to perpetrate a sexual battery.

Williams was tried in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, on four counts. Williams was informed against with:

   (1) Robbery with a firearm or other deadly weapon contrary to Florida Statutes §§ 812.13(1) and 812.13(2)(a);

   (2) Kidnapping contrary to § 787.01;

   (3) Attempted sexual battery contrary to §§ 777.04(1), 777.04(4), and 794.011(4)(a); and

   (4) Burglary with an assault contrary to §§ 810.02 and 810.07.

As to Count I, Williams was found guilty of the lesser included offense of Robbery Without a Firearm. As to Count II, Williams was found guilty of the lesser included offense of Assault. Williams was found not guilty on Count III. As to Count IV, the jury found Williams guilty as charged.

In his Objections to the Report And Recommendation (DE 40), Petitioner, Larry Williams, challenges the Report And Recommendation (DE 39) issued by The Honorable Ann E. Vitunac on two (2) issues. Thus, the Court, in this Order, will discuss only those two issues specifically objected to by Petitioner, Larry Williams.

### I. DUE PROCESS

In his Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus By A Person In State Custody (DE 1), Petitioner, Larry Williams, asserts his due process rights under the Fifth and Fourteenth Amendments were violated as a result of the trial court's comments in open court in the presence of the jury toward the victim who was a principal witness in the cause. Specifically, Petitioner, Larry Williams, asserts he was denied a fair trial when the trial judge commented to the alleged victim, Shirley Smith, as her testimony concluded, "Thank you, Miss Smith, good luck to you." (Tr. I, p. 188, lines 18–19). Petitioner argues that said comment bolstered the witness' credibility, thereby rendering the entire trial fundamentally unfair.

The proper inquiry when a Federal Court sits in review of a state court conviction, as in this case, is whether the trial court's remark rendered the entire trial unfair. See Walker v. Davis, 840 F.2d 834, 838 (11th Cir.1988). To determine whether the trial was made fundamentally unfair, the Eleventh Circuit incorporated the prejudice requirement set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), into the analysis. The defendant must show with reasonable probability, but for the alleged impropriety, the result of the proceeding would have been different. Strickland defines reasonable probability as "a probability sufficient to undermine confidence in the outcome." Id. at 694, 104 S.Ct. at 2068.

This Court recognizes the teachings and instructions espoused by United States v. Gabay, where the Eleventh Circuit stated "that the trial court cannot interject his or her opinion because a 'jury has an obligation to exercise its untrammeled judgment upon the worth and weight of testimony,' and to 'bring in its verdict and not someone else's.'" United States v. Gabay, 923 F.2d 1536, 1541 (11th Cir.1991) (quoting United States v. Johnson, 319 U.S. 503, 519, 63 S.Ct. 1233, 1241, 87 L.Ed. 1546 (1943)).

After reviewing the entire transcript of the trial of the above-styled cause (DE Nos. 52–53), this Court deems the trial court's comment, "Thank you, Miss Smith, good luck to you" as innocuous and as having no impact or effect on the outcome of the proceedings. This Court does not construe said remark to be a commentary regarding any piece of evidence or upon the testimony of any witness. It was merely the trial judge's gratuitous attempt at cordiality—nothing more and nothing less.

In addition, the Court notes the observation noted by Magistrate Judge Ann E. Vitu-

nac in her Report And Recommendation (DE 39) that the jury acquitted Petitioner, Larry Williams, of the charge of attempted sexual battery, thereby undermining the argument that the will of the jury was somehow overtaken by the alleged bolstering of the court. Petitioner's assertion is belied by the jury verdict.

■ While judges are entrusted to preserve the sanctity and decorum of the judicial system, they cannot reasonably be expected to preside as drones or automatons. As the Court of Criminal Appeals of Alabama stated: "[w]hile a judge must remain impartial, he [or she] is not a robot or a 'stone-cold computer draped in a black robe.' Just as a trial judge has a duty to be just and impartial, he must also be courteous and patient." *Haynes v. State*, 424 So.2d 669 (Ala.Crim. App.1982) (quoting *Allen v. State*, 290 Ala. 339, 276 So.2d 583 (1973)).

Certainly, there has been no showing that "but for" the trial court's unilateral exchange of pleasantries, there is a reasonable probability that the outcome would have been different, i.e. Petitioner Williams would not have been convicted. There has been no demonstration of prejudice.

## II. DOUBLE JEOPARDY

Petitioner, Larry Williams, also claims that his convictions and sentences to assault, robbery, and burglary with an assault were violative of the Double Jeopardy Clause of the United States Constitution. The original Petition For Habeas Corpus Relief (DE 1) asserts:

> The trial court erred in convicting and sentencing Defendant for Burglary With An Assault where the assault was duplications [sic] of the other counts charged.

This Court, in its Order (DE 45), directed the parties to clarify their respective positions regarding Petitioner's Double Jeopardy claim.

In his Supplemental Memorandum In Support Of The Petition For Habeas Corpus Relief (DE 46), Petitioner, Larry Williams, claims that the convictions and sentences for assault, robbery in the second degree (robbery without a firearm), and burglary in the first degree (burglary without an assault), all were based, in part, on the same assault and thus placed Petitioner in double jeopardy. Specifically, Petitioner argues that the assault is a lesser included offense for both robbery without a firearm and burglary with an assault. The separate convictions and punishments "resulted in placing Mr. Williams thrice responsible for a single instance of behavior." (DE 46, p. 3). Petitioner, Larry Williams, seeks this Court to vacate both the robbery and burglary with an assault counts under which he was convicted and sentenced.

At the outset, this Court notes that Petitioner, in his Supplemental Memorandum In Support Of The Petition For Habeas Corpus Relief (DE 46), argues he was placed in double jeopardy in that the same conduct underlying the assault conviction premised both the robbery and burglary convictions. Petitioner cites and relies upon the United States Supreme Court opinion of *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), which incorporated a "same conduct" test into double jeopardy analysis. The *Grady* test provides that, "if, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted," a second prosecution is barred. *Id.* at 510, 110 S.Ct. at 2087. Therefore, Petitioner argues that the successive punishments imposed pursuant to the robbery and burglary with an assault counts were unlawful and must be vacated.

■ The United States Supreme Court, however, in *United States v. Dixon*, —— U.S. ——, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993), revisited and overruled *Grady*, stating that the "same conduct rule" it announced is wholly inconsistent with earlier Supreme Court precedents. While *Dixon* involved a "successive prosecution" type case, it is still binding and applicable to the "successive punishment" type case at bar as the Supreme Court noted that the Double Jeopardy "Clause serves the function of preventing both successive punishment and successive prosecution ... but there is no authority ... for the proposition that it has different mean-

ings in the two contexts." *Id.* at ——, 113 S.Ct. at 2860. Restating and re-adopting its well-entrenched double jeopardy precedents, the Supreme Court stated "while it is true that the conduct of the accused was one and the same, two offenses resulted, each of which had an element not embraced in the other." *Id.* at ——, 113 S.Ct. at 2860 (quoting *Gavieres v. United States*, 220 U.S. 338, 345, 31 S.Ct. 421, 423, 55 L.Ed. 489 (1911)).

Therefore, to the extent that Petitioner claims double jeopardy violations based upon his assertion that the conduct underlying the assault unlawfully formed the basis for both the robbery and burglary with an assault convictions, said Petition is denied. The Supreme Court, in *Dixon*, has foreclosed the argument and has deemed the consideration of underlying conduct as irrelevant for double jeopardy purposes.

Accordingly, the Court will now address Petitioner's double jeopardy claims under the applicable binding caselaw set forth by the United States Supreme Court and the Court of Appeals for the Eleventh Circuit.

### A. Legislative Intent

The Fifth Amendment to the United States Constitution affords that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The Double Jeopardy Clause was incorporated to the states pursuant to the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).

Notwithstanding the collateral-estoppel effect attributed to the Double Jeopardy Clause, the decision to prosecute, whether individually or in the aggregate, and with what charges, vests exclusively with the executive branch. *Dixon*, —— U.S. at ——, 113 S.Ct. at 2859; *Ball v. United States*, 470 U.S. 856, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985); *see also Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). However, double jeopardy prohibits successive prosecution and cumulative punishment for a greater offense and a lesser included offense.

*Brown v. Ohio*, 432 U.S. 161, 169, 97 S.Ct. 2221, 2227, 53 L.Ed.2d 187 (1977).

■ As the Supreme Court observed, the Double Jeopardy Clause provides a criminal defendant with three protections. First, it prevents a second prosecution for the same offense after acquittal. Second, it protects against a second offense after conviction. Third, it precludes the imposition of multiple punishments for the same offense, absent a contrary legislative mandate. *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969), *overruled on other grounds, Alabama v. Smith*, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989); *Missouri v. Hunter*, 459 U.S. 359, 366–68, 103 S.Ct. 673, 678–79, 74 L.Ed.2d 535 (1983). The above-styled cause is limited to the third protection of the Double Jeopardy Clause—multiple punishments for the same offense.

The Supreme Court has deferred the question of double jeopardy largely to the legislative branch. Specifically, the Supreme Court stated that "[t]he question under the Double Jeopardy Clause whether punishments are 'multiple' is essentially one of legislative intent." *Ohio v. Johnson*, 467 U.S. 493, 499, 104 S.Ct. 2536, 2541, 81 L.Ed.2d 425 (1984); *see also United States v. Martin*, 961 F.2d 161 (11th Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 271, 121 L.Ed.2d 200 (1992). Espousing the principal of separation of powers, the Supreme Court concluded, "[l]egislatures, not courts, prescribe the scope of punishments." *Missouri*, 459 U.S. at 369, 103 S.Ct. at 679.

The United States Supreme Court has held that federal courts are bound by the interpretations of state statutes by the state's highest court. *Id.* at 368, 103 S.Ct. at 679; *Brown*, 432 U.S. at 167, 97 S.Ct. at 2226. As this Court must defer to the Florida Statutes and the Florida Supreme Court's interpretations thereto, this Court will now examine the relevant statutory provisions as well as caselaw to discern the legislature's intent regarding the issue at bar.[1]

---

1. The acts which give rise to the charged offenses occurred prior to the effective date of the statutory amendment to Fla.Stat. ch. 775.021(4) (1988) and said amendment will not be applied retroactively to Petitioner's claim. *State v. McCloud*, 577 So.2d 939 (Fla.1991); *Porterfield v. Florida*,

■ In *Whalen v. United States,* 445 U.S. 684, 689, 100 S.Ct. 1432, 1436, 63 L.Ed.2d 715 (1980), the Supreme Court recognized that the power to define crimes and prescribe punishments inheres to the legislative branch. Further expanding on this principle, the Supreme Court stated:

> [T]he question of what punishments are constitutionally permissible is no different from the question of what punishments the Legislative Branch intended to be imposed. Where [the legislature] intended ... to impose multiple punishments, imposition of such sentences does not violate the Constitution.

*Albernaz v. United States,* 450 U.S. 333, 344, 101 S.Ct. 1137, 1145, 67 L.Ed.2d 275 (1981). In evaluating whether a single prosecution for multiple offenses violates the Double Jeopardy clause, the controlling factor is whether the punishment imposed is greater than the legislature intended. *State v. Smith,* 547 So.2d 613, 614 (Fla.1989).

■ The Supreme Court of Florida has explicitly stated that multiple convictions and sentences may result from a single criminal incident. In *State v. Gibson,* 452 So.2d 553, 557 (Fla.1984), which was overruled by *Carawan* and its progeny, the Florida Supreme Court articulated the pre-*Carawan* controlling law:

> It has never been held authoritatively that double jeopardy prohibits cumulative prosecution and punishment of two or more separate offenses merely because a single act or factual event provide the basis for proving both or all of the offenses. If the legislative authority intends separate prosecutions and punishments in such instances, they are permissible.

The Florida Rules of construction applicable at the trial underlying the above-styled cause which commenced on March 1, 1983, clearly set forth the legislature's intent to punish each offense individually, even when said offenses transpired during one criminal transaction. Fla.Stat. ch. 775.021(4) (1977) provided in pertinent part:

> Whoever, in the course of one criminal transaction or episode, commits an act or acts constituting a violation of two or more criminal statutes, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense, excluding lesser included offenses, committed during said criminal episode, and the sentencing judge may order the sentences to be served concurrently or consecutively.

In 1981, the Florida Supreme Court approved and adopted new standard jury instructions and schedule of lesser included offenses. *See Torrence v. Florida,* 440 So.2d 392 (Fla. 5th DCA 1983). The revised schedule of lesser included offenses is divided into two (2) categories. Category One comprises "[o]ffenses necessarily included in the offense charged...." Order and Opinion of Supreme Court of Florida adopting Florida Standard Jury Instructions in Criminal Cases (1981). Category Two, however, consists of "[o]ffenses which may or may not be included in the offense charged...." *Id.* at viii.

■ Specifically, with regard to his convictions for assault and robbery, Petitioner was informed against for kidnapping and robbery with a firearm. Ultimately, Petitioner, Larry Williams, was convicted of assault, a Category Two lesser included offense of kidnapping. In addition, Petitioner was convicted of robbery, a Category One lesser included offense to robbery with a firearm or deadly weapon.

According to the schedule adopted by the Supreme Court of Florida, assault is a Category Two lesser included offense, and hence, is not "necessarily included." Contrary to Petitioner's assertion, the Court was not required to charge the jury with assault as a lesser included offense to robbery because a Category Two lesser included offense may or may not be included in the primary offense.

---

567 So.2d 429 (Fla.1990). In addition, the Florida Supreme Court case of *Carawan v. State,* 515 So.2d 161 (Fla.1987), which temporarily modified double jeopardy analysis until superseded by the statutory amendment to Fla.Stat. ch. 775.-021(4) (1988), is similarly inapplicable as *Cara-* *wan* is non-retroactive. *Florida v. Etlinger,* 556 So.2d 1118 (Fla.1990); *State v. Glenn,* 558 So.2d 4 (Fla.1990). Therefore, this Court will evaluate Petitioner's claim according to the controlling pre-*Carawan* law. *See Collins v. Florida,* 577 So.2d 986 (Fla. 4th DCA 1991).

*See Denmark v. State*, 538 So.2d 68 (Fla. 1st DCA1989). The Supreme Court of Florida clearly stated that where an offense is not a necessarily lesser included offense to a second charge, it is "the intent of the legislature to provide for separate convictions and punishments for the two offenses." *State v. Baker*, 452 So.2d 927 (Fla.1984).

■ Petitioner Williams also argues that his convictions for burglary with an assault, in violation of Fla.Stat. ch. 810.02(2), and for assault, in violation of Fla.Stat. ch. 784.011, placed him in double jeopardy. Essentially, Petitioner reiterates his position that assault is a lesser included offense to burglary with an assault.

After reviewing the Schedule of. Lesser Included Offenses, assault is not a lesser included offense to either burglary with an assault or burglary. In its Comment On Schedule Of Lesser Included Offenses in the Florida Standard Jury Instructions in Criminal Cases, the Supreme Court of Florida revealed its intention to treat the assault aspect to burglary with an assault as an enhancer for sentencing purposes and not an element of the crime. The Comment states in relevant part:

> Some statutes provide that the penalty for certain crimes is enhanced if certain events occur during their commission. For example, under Florida Statute 810.02, burglary is a felony of the first degree if the burglar makes an assault.... [S]tatutes of this type are couched in terms of enhancement....

Florida Standard Jury Instructions in Criminal Cases, *Comment* at 283 (1989).

Assault is not an enumerated element of the crime of burglary, but rather is a factor which determines the degree of the offense for punishment purposes. Fla.Stat. ch. 810.-02(2). The Supreme Court of Florida held that a defendant may be convicted of burglary in the first degree and sexual battery when the sexual battery is the same conduct from which the burglary charge was enhanced. *State v. Foreman*, 476 So.2d 662, 663 (Fla.1985). This holding is analogous to this case where Petitioner Williams argues that the same conduct underlying the assault conviction was employed in his burglary with

an assault conviction. As the Supreme Court of Florida defers to the legislature in prescribing crimes and punishments, so will this Court.

Petitioner also contends that the conviction for robbery and burglary with an assault placed him in double jeopardy as the conduct underlying the robbery (i.e., the assault) was again used to enhance the burglary conviction to burglary with an assault. The Schedule For Lesser Included Offenses to burglary with an assault or burglary does not include the offense of robbery.

### B. *Blockburger* Analysis

While this Court acknowledges that the power to define crimes and punishments vests with the legislature, said power is not unfettered and is subject to constitutional limitations. *Tarpley v. Dugger*, 841 F.2d 359, 364 (11th Cir.1988), *cert. denied*, 488 U.S. 837, 109 S.Ct. 101, 102 L.Ed.2d 76 (1988). Notwithstanding the apparent legislative mandate for multiple convictions pursuant to a single criminal transaction and the Florida Supreme Court's refusal to designate assault as a necessary included offense to either robbery or burglary with an assault, Petitioner argues that the determination of a lesser included offense requires analysis pursuant to the *Blockburger* test set forth by the United States Supreme Court. *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); *see also* DE 46, p. 4.

The *Blockburger* test is a rule of statutory construction. It is not to be utilized where "there is a clear indication of contrary legislative intent." *Missouri*, 459 U.S. at 368, 103 S.Ct. at 679 (quoting *Albernaz*, 450 U.S. at 340, 101 S.Ct. at 1143). As the Court stated:

> Where, as here, a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the 'same' conduct under *Blockburger*, a court's task of statutory construction is at an end and the prosecutor may seek and the trial court may impose cumulative punishment under such statutes in a single trial.

*Id.* 459 U.S. at 368–69, 103 S.Ct. at 679.

■ It is this Court's opinion that the Florida Legislature's mandate is clear and

unambiguous: a Court may sentence a defendant individually for any and all offenses arising out of a single incident, excepting the imposition of punishment for a greater offense and a necessarily lesser included offense. Despite this Court's finding of a clear legislative mandate authorizing separate sentencings pursuant to the jury's verdict, this Court will still proceed to evaluate Petitioner's claim under the *Blockburger* test.

The *Blockburger* test was devised to assist in the determination of whether two facially distinct offenses, in fact, can be prosecuted individually when both result from the same conduct. Essentially, the *Blockburger* test consists of comparing the elements of the crimes in question, and if both have one element that the other does not, then both offenses are presumably separate and distinct. Specifically, *Blockburger* provides in pertinent part:

> The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.

*Id.* 284 U.S. at 304, 52 S.Ct. at 182.

For double jeopardy purposes, as stated, the Court considers only the statutory elements of the offenses and not the factual allegations or proof adduced at trial in a particular case. Hence, the Court's inquiry requires a juxtaposition of the statutory offenses at issue to determine whether each contains an element the other does not, or whether one offense is completely subsumed within the other.

First, the Court will compare and contrast the statutory elements of assault with robbery. Fla.Stat. ch. 784.011(1) (1975) defines assault as follows:

> An intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent.

On the other hand, Fla.Stat. ch. 812.13(1) (1981) defines robbery as:

> [T]he taking of money or other property which may be the subject of larceny from the person or custody of another by force, violence, assault, or putting in fear.

After evaluating the statutory elements of assault and robbery, it is clear that each requires an element that the other does not. Robbery, in short, explicitly requires a taking from the person which assault does not. In contrast, assault requires a well-founded fear of imminent violence, which robbery does not.

Second, the Court will compare the elements of assault with burglary. The crime of burglary set forth in Fla.Stat. ch. 810.02 is defined as follows:

> 'Burglary' means entering or remaining in a structure or a conveyance with the intent to commit an offense therein....

Burglary is elevated to a felony of the first degree if, during the course of committing the burglary, defendant also makes an assault. Fla.Stat. ch. 810.02(2)(a).

Burglary and assault are clearly separate and distinct offenses under the *Blockburger* analysis. Burglary requires an entering or remaining which assault does not. Conversely, assault requires the victim to reasonably fear imminent force which burglary does not. As articulated previously herein, that the offense of burglary becomes elevated to a felony of the first degree with the commission of an assault, said enhancement does not alter the analysis for double jeopardy purposes. *State v. Foreman,* 476 So.2d 662 (Fla. 1985); *Wicker v. State,* 445 So.2d 583 (Fla. 2d DCA 1983).

Finally, the Court will consider the last possible combination of the offenses at issue: whether robbery contains an element not contained in burglary with an assault. After examining the statutory elements to both offenses, the conclusion is obvious. Robbery requires a taking which burglary with an assault does not. Burglary with an assault requires an entering or remaining which robbery does not.

## CONCLUSION

Convictions and cumulative punishments pursuant to two or more criminal statutes prescribing two or more criminal offenses, despite the reality that there are common

**1576**

factual underpinnings to some or all of the offenses, is not tantamount to a double jeopardy violation. The legislature may, and indeed often does, authorize the imposition of punishment for each offense arising out of a single criminal incident. However, the legislature must clearly articulate its intent to do so.

After reviewing the relevant statutes and caselaw regarding the issue at bar, it is this Court's conclusion that the Florida Legislature intended to vest the state courts with the discretion to sentence Petitioner, and those similarly situated, individually for each offense found guilty, excepting necessarily lesser included offenses.

The Supreme Court recognized the power to define crimes and impose punishment most properly vests with the legislative branch, through our representative form of government. While such power is entitled to deference, this Court is cognizant that it is neither unfettered nor carte blanche. The imposition of cumulative punishments in the case at bar, however, was not only legislatively mandated, but also constitutionally sound.

Accordingly, after due consideration, it is **ORDERED AND ADJUDGED** as follows:

1. The Report And Recommendation (DE 39) filed herein by United States Magistrate Judge Ann E. Vitunac be and the same is hereby approved, adopted and ratified by the Court;

2. The Objections To the Report And Recommendation of The United States Magistrate (DE 40) be and the same are hereby **OVERRULED;**

3. The Petition For Habeas Corpus Relief (DE 1) be and the same is hereby **DENIED;**

4. The above-styled cause be and the same is hereby **DISMISSED;** and

5. To the extent not otherwise disposed of herein, all pending Motions are hereby **DENIED** as moot.

**DONE AND ORDERED.**