Benjamin GADSON, Petitioner,

v.

Harry K. SINGLETARY, Respondent.

No. 93–1732–Civ.

United States District Court,
S.D. Florida.

March 22, 1995.

Benjamin Gadson, Lowell, FL, pro se.

Roberta G. Mandel, Asst. Atty. Gen., Dept. of Legal Affairs, Miami, FL, for respondent.

## FINAL JUDGMENT HABEAS CORPUS

ARONOVITZ, District Judge.

For the reasons stated in the report and supplemental report of the Magistrate Judge, and upon independent review of the file, it is

ORDERED AND ADJUDGED as follows:

1. This petition for writ of habeas corpus is denied.

2. All pending motions not otherwise ruled upon are denied, as moot.

DONE AND ORDERED.

*SUPPLEMENTAL REPORT OF
MAGISTRATE JUDGE*

SORRENTINO, United States Magistrate
Judge.

Benjamin Gadson, a state prisoner con-
fined at Marion Correctional Institution, filed
this *pro se* petition for writ of habeas corpus
pursuant to 28 U.S.C. § 2254, attacking his
convictions for aggravated battery with a
firearm, burglary of an occupied conveyance,
and robbery with a firearm entered following
a jury trial in Dade County Circuit Court
case number 90–6477.

Initially, the petitioner raised the following
claims:

(1) The trial court erred by failing to fol-
low the appropriate procedure when a
claim of racial discrimination, through
the exercise of peremptory jury chal-
lenges, was raised.

(2) There was insufficient evidence to sus-
tain the jury's conclusion that a fire-
arm was involved in the commission of
the crimes.

(3) There was insufficient evidence to sus-
tain the conviction for burglary of an
occupied conveyance.

(4) The trial court's imposition of consecu-
tive sentences for the convictions of
aggravated battery, robbery and bur-
glary violated the Double Jeopardy
Clause.

On February 8, 1994, a report was submit-
ted reviewing each of the foregoing claims
and recommending that the petition be de-
nied. (DE # 10). On February 22, 1994, the
petitioner filed objections, arguing *inter alia*
that the Florida Supreme Court decision in
*Sirmons v. State,* 634 So.2d 153 (Fla.1994),
which was issued only five days prior to the
submission of the report, supported his claim
that his convictions violate the Double Jeop-
ardy Clause.

On April 25, 1994, the Honorable Sidney
M. Aronovitz, Senior United States District
Judge, entered an order re-referring the case
for the sole purpose of determining whether
*Sirmons v. State, supra,* and *State v. Thomp-
son,* 607 So.2d 422 (Fla.1992) have any bear-
ing on the petitioner's double jeopardy claim.
The state has now filed a supplemental re-
sponse to the petition, arguing correctly that
these recent Florida decisions do not alter
the conclusion that the imposition of consecu-
tive sentences for Gadson's convictions of
armed robbery, burglary and aggravated
battery do not constitute a double jeopardy
violation.

In this case, the trial transcript reveals the
following facts. Gadson approached the vic-
tim, who was sitting in his car, displayed a
gun, and ordered the victim to exit the vehi-
cle. When the victim refused, Gadson struck
him in the mouth with the gun and injured
him. The victim crawled over to the passen-
ger seat as Gadson forced his way into the
vehicle. The victim attempted to escape out
the passenger door, but Gadson threatened
to kill him if he did so. Gadson pointed the
gun at the victim's chest and cocked it.
However, as Gadson began to drive off, the
victim grabbed his gun hand, opened the car
door, and jumped out while the car was in
motion. The victim testified that he did not
permit Gadson to enter his automobile and
drive off with his car, and he had been placed
in fear by Gadson pointing the gun at him.
(T/340–44).

Based on these facts, Gadson was convict-
ed of aggravated battery with a firearm, in
violation of *Fla.Stat.* § 784.045(1)(a)2, burgla-
ry of an occupied conveyance, in violation of
*Fla.Stat.* § 810.02, and robbery with a fire-
arm, in violation of *Fla.Stat.* § 812.13. [DE
8, Ex. C] The elements of each of these
statutory provisions will be discussed in
greater detail below.

In *Sirmons, supra,* the underlying facts
were facially similar to, but materially distin-
guishable from, those involved in the convic-
tions presently under attack. In that case,
the defendant stole an automobile at knife-
point. Based on that single act, Sirmons was
charged with and convicted of both grand
theft of the automobile, in violation of *Fla.
Stat.* § 812.014, and robbery with a weapon,
in violation of *Fla.Stat.* § 812.13.

On conflict review, the Florida Supreme
Court quashed a decision of the Fifth District
Court of Appeal, which had concluded that
Sirmons' convictions were proper because the
offenses of grand theft and robbery each

contain an element that the other does not. Relying on part on its earlier decision in *State v. Thompson*, 607 So.2d 422 (Fla.1992), where it found that a Florida defendant could not be convicted of both fraudulent sale of a counterfeit controlled substance and felony petit theft where both charges arose from the same fraudulent sale, the Court held that robbery with a weapon and grand theft of an automobile are "merely degree variants of the core offense of theft." *Id.* at 154. The Court reasoned that, since robbery and grand theft are aggravated forms of the same underlying crime of theft and are distinguished only by degree factors, Sirmons' dual convictions based on the same core offense could not stand.

In a concurring opinion, Justice Kogan explained that the majority's decision was predicated on *Fla.Stat.* § 775.021(4), which provides:

(4)(a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element which the other does not, without regard to the accusatory pleading or the proof adduced at trial.

(b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:

1. Offenses which require identical elements of proof.
2. Offenses which are degrees of the same offense as provided by statute.
3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.[1]

As Justice Kogan noted, this four-tiered legislative analysis "obviously stops a good deal short of throwing Florida into what might be called a 'strict *Blockburger*' approach to the multiple punishments law," *Sirmons, supra* at 154–55, because only the first tier of the required analysis is the classic *Blockburger* test that "offenses are separate if each offense requires proof of an element which the other does not." *Fla.Stat.* § 775.021(4)(a).[2] "But the [Florida] courts do not stop with *Blockburger*. Quite the contrary, the courts must then examine each of the three remaining tiers of the analysis specified in the statute before deciding the multiple-punishments issue." *Sirmons, supra* at 154.

The Florida Supreme Court's conclusion that Sirmons' convictions of grand theft and robbery could not stand was based on the third tier of the statutory analysis, *Fla.Stat.* § 775.021(4)(b)2, which provides that multiple punishments are not permitted if the offenses in question "are degrees of the same offense as provided by statute." By enacting that exception to the *Blockburger* analysis, the Florida legislature intended to prohibit multiple punishments when all of the offenses in question both arose from a single act and were distinguished from each other only by degree elements. *Sirmons, supra* at 155 (Kogan, J., concurring).

■ Turning back to this case, it is apparent that the subject convictions and sentences do not run afoul of the foregoing statutory principles.[3] As cogently explained

---

1. *Fla.Stat.* § 775.021(4) was enacted in negative response to the Florida Supreme Court's earlier decision in *Carawan v. State*, 515 So.2d 161 (Fla.1987), *abrogation recognized, State v. Smith*, 547 So.2d 613 (Fla.1989), where the Court had modified double jeopardy principles by broadly applying the rule of lenity through a "separate evils" analysis. *Sirmons, supra* at 154 (Kogan, J., concurring).

The offenses in this case occurred on February 15, 1990, well after the "*Carawan* window"

closed on July 1, 1988. *Jones v. State*, 569 So.2d 1234, 1240 n. 12 (Fla.1990).

2. *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

3. Consideration of Florida's legislative approach is relevant on federal habeas corpus review because "[t]he question under the Double Jeopardy Clause whether punishments are 'multiple' is essentially one of legislative intent." *Ohio v. John-*

by Justice Kogan, the first inquiry under the Florida scheme is identical to that required to be undertaken in federal courts by the guiding *Blockburger* decision: offenses are separate for double jeopardy purposes if each offense requires proof of an element which the other does not.

The Florida statutes that define Gadson's offenses clearly pass constitutional muster under the *Blockburger* analysis, as codified at *Fla.Stat.* § 775.021(4)(a). Gadson first was convicted of aggravated battery pursuant to *Fla.Stat.* § 784.045(1)(a), which states that "[a] person commits aggravated battery who, in committing battery ... uses a deadly weapon." Factually, this crime was committed when Gadson struck his victim in the mouth with a gun. [DE 8, Ex. A, Count I; T. 665]

■ Gadson's second conviction was for burglary of a conveyance, pursuant to *Fla. Stat.* § 810.02, which provides that " 'burglary' means entering or remaining in a structure or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain." Factually, this crime was committed when Gadson entered and remained in the victim's automobile with the intent to steal it. [DE 8, Ex. A, Count III; T. 668] It is apparent that the crimes of aggravated battery and burglary with intent to commit a theft, as defined by the Florida statutes, require proof of wholly different elements and are distinct for double jeopardy purposes.[4] *Williams v. Dugger*, 827 F.Supp. 1568, 1575 (S.D.Fla.1993) ("Burglary and assault are clearly separate and distinct offenses under the *Blockburger* analysis. Bur-

glary requires an entering or remaining which assault does not. Conversely, assault requires the victim to reasonably fear imminent force which burglary does not.")

Gadson's third conviction was for robbery with a firearm pursuant to *Fla.Stat.* § 812.13, which states that " '[r]obbery means the taking of money or other property which may be the subject of larceny from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the money or other property, when in the course of the taking there is the use of force, violence, assault, or putting in fear." The Florida Legislature has further provided that "[a]n act shall be deemed 'in the course of the taking' if it occurs either prior to, contemporaneous with, or subsequent to the taking of the property and if it and the act of taking constitute a continuous series of acts or events." *Fla.Stat.* § 812.13(3)(b). Factually, this crime occurred when Gadson forcibly took the victim's automobile. [DE 8, Ex. A, Count IV].

Again, comparing the statutory elements of robbery with those of assault and burglary, it is apparent that no double jeopardy violation occurred using the *Blockburger* analysis. As this district has held:

> After evaluating the statutory elements of assault and robbery, it is clear that each requires an element which the other does not. Robbery, in short, explicitly requires a taking from the person which assault does not. In contrast, assault requires a well-founded fear of imminent violence, which robbery does not.

\*   \*   \*   \*   \*   \*

son, 467 U.S. 493, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984). "[T]he question of what punishments are constitutionally permissible is no different from the question of what punishments the Legislative Branch intended to be imposed. Where [the legislature] intended ... to impose multiple punishments, imposition of such sentences does not violate the Constitution." *Albernaz v. United States*, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981); *see Williams v. Dugger*, 827 F.Supp. 1568, 1572–74 (S.D.Fla. 1993).

**4.** The trial court in this case was plainly aware of the potential double jeopardy implications of the

charges against Gadson. Originally, Count III of the information charged Gadson not with simple burglary, the crime of which he eventually was convicted, but rather with the life felony of armed burglary of the car with the intent to commit aggravated battery therein. [DE 8, Ex. A, Count III] The trial transcript reveals that the court, after a discussion with counsel [T. 662–70], reduced the charge to simple burglary with the intent to steal the car expressly because of its concern that otherwise, "... what you have alleged in Count III is charged in other aspects of the Information. That's the reason it's duplicitous." [T. 669]

Finally, the Court will consider the last possible combination of the offenses at issue: whether robbery contains an element not contained in burglary with an assault. After examining the statutory elements to both offenses, the conclusion is obvious. Robbery requires a taking which burglary with assault does not. Burglary with an assault requires an entering or remaining which robbery does not.

*Williams v. Dugger, supra,* at 1575.[5]

Since Gadson's convictions thus are not duplicitous when measured against the first tier of *Fla.Stat.* § 775.021(4), the remaining question is whether they fall within any of the three remaining tiers of that provision. *Sirmons, supra.*

*Fla.Stat.* § 775.021(4)(b)1 states that one exception to the express legislative intent "to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction" occurs when the offenses require identical elements of proof. As Justice Kogan remarked in his concurring opinion in *Sirmons,* this tier of the Florida analysis "confronts the question of necessarily lesser included offenses." The foregoing discussion of the statutory elements of Gadson's crimes is sufficient to demonstrate that this exception has no applicability to his case.

The second exception to the legislative intent separately to punish multiple offenses, which was the one at issue in *Sirmons,* states that multiple punishment is not allowed when the offenses are degrees of the same offense provided by statute. *Fla.Stat.* § 775.021(4)(b)2. In *Sirmons,* as discussed above, the convictions of grand theft and robbery both arose from a single act of automobile theft. Justice Kogan explained:

> Florida's criminal code is full of offenses that are merely aggravated forms of certain core underlying offenses such as theft, battery, possession of contraband, or homicide. It seems entirely illogical, as I believe the legislature recognized, to impose multiple punishments when all of the offenses in question both arose from a single

act and were distinguished from each other only by degree elements.

*Sirmons, supra* at 155. The result in *Sirmons* was grounded on the Court's recognition that the defendant's crimes of grand theft and robbery "are merely degree variants of the core offense of theft." *Id.* at 154.

■ The convictions at issue in this case plainly do not fall within the exception which was determinative in *Sirmons.* For one thing, the crimes here did not all arise from a single act, but instead were the result of a criminal transaction that began when Gadson approached the victim's vehicle and proceeded through a series of separable events, such as his actions of forcing his way into the vehicle, striking the victim with the gun, cocking the gun while pointing it at the victim's chest, and driving off with the automobile after the victim jumped out. Even in *Carawan, supra,* which the Florida Legislature abrogated as being inconsistent with its intent "to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction," *see* n. 1, *supra,* the Court stressed: "We emphasize that our holding applies only to separate punishments arising from one *act,* not one *transaction.*" *Id.* at 170, n. 8 (emphasis original); *see State v. Smith, supra* at 616 (recognizing that the legislature rejected the *Carawan* distinction and mandated multiple punishments for multiple offenses even if only one act is involved).

■ Secondly, the crimes of which Gadson was convicted—aggravated battery, burglary of a conveyance, and robbery—are clearly not "degree variants of the [same] core offense," and instead are wholly disparate forms of criminal conduct. In this regard, it is instructive to note that the offenses at issue in *Sirmons* were defined by *Fla.Stat.* §§ 812.014 and 812.13, both of which are provisions of Chapter 812 of the Florida Statutes, entitled "Theft, Robbery and Related Crimes." Gadson's convictions, on the other hand, were predicated on violations of provisions of three separate chapters of the statutes: Chapter 784, entitled "Assault; Bat-

5. The court's "obvious" conclusion in *Williams* is even more patently correct here, where the crimes involved were robbery and simple burgla-

ry rather than robbery and burglary with an assault. *See* n. 3, *supra.*

tery; Negligence;" Chapter 810, entitled "Burglary and Trespass;" and Chapter 812, "Theft, Robbery and Related Crimes."

The third and final exception to the Florida Legislature's intent to convict and punish each crime separately occurs when an offense is a lesser offense whose statutory elements are subsumed by the greater offense. *Fla. Stat.* § 775.021(4)(b)3. This exception, according to Justice Kogan, "obviously deals with the problem of 'permissive lesser included offenses'," *Sirmons, supra* at 155, and does not apply in this case.

Since Gadson's convictions of and sentence for the offenses at issue do not offend the prohibition against double jeopardy as that principle is currently analyzed both in Florida and federally, habeas corpus relief from them is not warranted.

For the foregoing reasons, it remains the recommendation of the undersigned that this petition for writ of habeas corpus be denied.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated: February 23, 1995.